412 So.2d 1294 (1982)
STATE of Louisiana
v.
Leona TRAHAN.
No. 81-KA-2062.
Supreme Court of Louisiana.
April 5, 1982.
Rehearing Denied May 14, 1982.
*1295 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jerry G. Jones, Dist. Atty., Glenn W. Alexander, Asst. Dist. Atty., for plaintiff-appellee.
John F. McKay, of Cave & McKay, Baton Rouge, for defendant-appellant.
DIXON, Chief Justice.[*]
On September 15, 1980 defendant, Leona Trahan, was charged by separate bills of information with three counts of distribution of marijuana in violation of R.S. 40:967. An initial plea of not guilty was entered by defendant; however, on April 20, 1981, defendant withdrew the plea and pleaded guilty to two counts. The state dismissed the third count. On June 1, 1981 the trial court sentenced defendant to serve six years in the penitentiary on each count, the sentences to run concurrently. Defendant appeals the convictions asserting three assignments of error.
Assignment of Error No. 1
Defendant contends that the trial court erred in accepting her guilty plea because she was mentally incompetent to plead guilty. It is argued that the accused could not understand the nature of the proceedings against her or the consequences of pleading guilty, nor could she validly waive her constitutional rights.[1]
Defense counsel attached a letter from Dr. Victor A. Henry to the brief filed in this court in which the doctor discussed his impressions of defendant's mental condition after examining her on June 11, 1981. He concluded the accused had become increasingly despondent and paranoid since her interracial marriage. His diagnosis was paranoid schizophrenia; in his opinion, defendant was "in need of continuous treatment at this time."
The record reveals that the trial court thoroughly advised defendant in the presence of retained counsel of the nature of the charges and that defendant stated she understood the consequences of entering a guilty plea. She admitted the crimes charged and acknowledged that she understood the offense carried a penitentiary term. After defendant assured the court that the plea was entered without inducement, threats or force, the court found that the plea was made freely and voluntarily. Moreover, Dr. Henry's report indicates that, although the accused suffered from mental illness, she was well oriented and her thought processes were logical, relevant and coherent.
The trial court's finding is supported by the record; there is no showing that a mental impairment rendered defendant incapable of knowingly and intelligently pleading guilty.
This assignment lacks merit.
Assignments of Error Nos. 2 and 3
Defendant argues that the trial court failed to comply with the sentencing guidelines in C.Cr.P. 894.1 and that the sentences imposed are excessive.
C.Cr.P. 894.1 sets forth guidelines to follow in imposing sentence and mandates that the trial judge state for the record the considerations taken into account and the factual basis for his conclusions in imposing sentence in order to assure that each sentence is individualized to the offender as well as the offense. State v. Bourgeois, 406 *1296 So.2d 550 (La.1981); State v. Jones, 398 So.2d 1049 (La.1981). The trial judge need not articulate every aggravating and mitigating circumstance; however, the record must reflect that he adequately contemplated the guidelines in C.Cr.P. 894.1. State v. Grey, 408 So.2d 1239 (La.1982); State v. Franks, 373 So.2d 1307 (La.1979), cert. denied, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981). Some factors to be considered include the accused's personal history, prior criminal record, the seriousness of the offense, the likelihood that another crime will be committed, and the potential for rehabilitation. State v. Jones, supra; State v. Jackson, 360 So.2d 842 (La. 1978).
At the sentencing hearing, the trial court observed that the facts of the arrest indicated defendant was an active dealer in a large volume of marijuana. According to one of the undercover agents involved in purchasing the marijuana, defendant was one of the largest dealers in Cameron Parish. Based on the recommendation in the report that if the accused received a suspended sentence or probation, she would continue to sell marijuana, the court concluded there would be an undue risk that defendant would commit another crime during probation. Also, the court stated that many of defendant's customers were young people and that "the attention of these impressionable youngsters and other segments of the community will be directed to the sentence received by defendant." Although aware that defendant was a first offender, the court considered this factor to be offset by the notoriety and gravity of the crimes. The trial court adequately complied with the sentencing guidelines in C.Cr.P. 894.1; therefore, this court's review is limited to a determination of whether the trial court abused its sentencing discretion. State v. Bourgeois, supra; State v. Bosworth (La.1981), No. 80-KA-1619.
The maximum penalty for distribution of marijuana is imprisonment at hard labor for ten years and a fine of $15,000. R.S. 40:967(B)(2). Even though within the statutory limit, a sentence may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); La.Const.Art. 1, § 20 (1974). Defense counsel informed the court at the sentencing hearing that defendant is forty-five years old, has no prior record, and is taking care of her ailing father. The presentence investigation report reveals that she has a seventh grade education and, although not presently employed, has held various jobs in the past. She has a twenty-five year old daughter from a former marriage who lives in Texas. A sixteen year old stepson resides with her and her husband. It was not suggested at the hearing that any mental infirmity played a part in the commission of the crimes charged.
Although a harsh sentence for a first offender involved in the possession or sale of a small quantity of contraband may be excessive under certain circumstances, State v. Grey, supra; State v. Tilley, 400 So.2d 1363 (La.1981), the presentence investigation report indicates that defendant was selling much more than a small quantity of marijuana. Two neighbors, Ray Frederick and Pete Miller, witnessed numerous people visiting defendant's residence at all hours of the day and night who only stayed a few minutes. Sheriff James Savoie stated that the house had been watched for a long time and that the accused was selling marijuana to young people. The facts of the arrest demonstrate that defendant sold marijuana on three separate occasions[2] and that she fully intended to "get rid of" the entire garbage bag of contraband by selling it.
In State v. Jacobs, 383 So.2d 342 (La. 1980), the defendant sold marijuana on two separate occasions to different people. He was charged with two counts of distribution of marijuana and one count of possession with intent to distribute. The trial court sentenced the accused to serve ten years at *1297 hard labor and to pay a fine of $1000 on each distribution charge, the sentences to run concurrently. On the third count of possession, a sentence of six months in the parish jail plus a fine of $500 was imposed, this sentence to run consecutively with the other sentences. This court affirmed the sentences, finding that they were not excessive. The two sales were a year apart, the second while the defendant was out on bail after the first. The consecutive sentence (for possession with intent to distribute) was for possession of a quantity at the time of the arrest for the second sale. The convictions did not arise out of the same course of conduct within a relatively short period of time.
In the instant case, defendant sold marijuana at different times, advising the purchasers to return at any time that they wanted to buy contraband. Although not spread over as long a period of time as seen in State v. Jacobs, supra, defendant's activity was certainly not conducted on an isolated basis. The sentences imposed by the trial court were well below the statutory maximum for distribution of marijuana; the trial judge did not abuse his wide discretion in imposing these sentences.
For these reasons, defendant's convictions and sentences are affirmed.
NOTES
[*] Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Twenty-Fourth Judicial District Court and Edward A. Dufresne, Jr. of the Twenty-Ninth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] Defense counsel did not mention the accused's mental condition to the trial court during the guilty plea hearing nor was a motion to withdraw the guilty plea filed in the district court. As a matter of due process, however, the accused may plead guilty and directly challenge the validity of his conviction by appeal. State v. Halsell, 403 So.2d 688 (La.1981); State v. Williams, 384 So.2d 779 (La. 1980).
[2] Defendant sold marijuana to an undercover agent twice on the same day at different times. The agent returned around a week later and purchased two more bags of marijuana.