420 So.2d 962 (1982)
STATE of Louisiana
v.
Robert S. WILLIS.
No. 82-KA-0198.
Supreme Court of Louisiana.
October 18, 1982.
*963 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Speedy O. Long, Dist. Atty., Dan B. Cornett, Asst. Dist. Atty., for plaintiff-appellee.
James J. Brady, Helen G. Roberts, Gravel, Robertson & Brady, Alexandria, for defendant-appellant.
DAVID R.M. WILLIAMS, Justice Pro Tem.[*]
Defendant Robert S. Willis was originally charged by separate bills of information all filed July 30, 1981, with four counts of forcible rape and one count of indecent behavior with a juvenile. Willis pleaded not guilty by reason of insanity to these charges. On October 19, 1981, the date set for trial of the above charges, three additional bills of information were filed charging defendant with three counts of carnal knowledge of a juvenile. The defendant entered a plea of guilty at the opening of his trial, to the three counts of carnal knowledge of a juvenile, and changed his plea to guilty on one count of indecent behavior with a juvenile (originally filed July 30, 1981).[1] On November 19, 1981, after reviewing the Pre-sentence Investigation Report, the trial court sentenced Willis to eight years on each count of carnal knowledge of a juvenile and two years and a fine of $1,500.00 on one count of indecent behavior with a juvenile. All sentences were at hard labor and made to run consecutively for a total of twenty-six years.
Defendant now appeals his sentences to this court urging a single assignment of error: that the trial court erred in imposing excessive sentences.
*964 The following factual events are summarized from the Pre-sentence Investigation Report, the Transcript of the Pleas and the Transcript of the Sentencing. Beginning late in 1968, Robert Willis began an intimate relationship that was to continue for the next twelve years, with an adult woman, and shortly thereafter, moved in with her and her four children. The children were of a prior marriage and included one boy, the eldest, and three girls. The defendant fathered two additional children, in this relationship, in the years that followed. Over the years, this group lived as a "family", with the defendant working and supporting the "family" in a parental role of authority and responsibility.
Several years passed and in 1977, the eldest daughter of the woman was sexually molested by Willis who ultimately impregnated her when she was thirteen. The girl ran away to have her baby, living with other relatives in Texas. Two years later, Willis persuaded the girl to move back to Louisiana and marry him. During this two year interval, defendant continued to live with the woman and the remainder of the children. Willis and his child-bride, who was only fifteen, moved briefly to Arkansas because of his employment and then returned to Jena, Louisiana, and resumed living with his wife, the woman and the other children. According to the woman, defendant remained sexually active with her as well as his wife at this time. Shortly after returning from Arkansas, Willis became sexually active and involved with the woman's other two daughters. It is this latter activity from which emanates the arrest and subsequent convictions for carnal knowledge and indecent behavior with a juvenile. Defendant was later divorced from his wife, who has now moved out of state and remarried. At this time the woman and her children terminated their living arrangement with defendant, although he continued to provide some support for the children after he was free on bond.
Defendant was an adult approximately thirty years of age, accused of having had sexual relations with two young girls approximately aged thirteen and fifteen. There is, in this matter, more than some suggestion of threats and beatings administered to these young girls to cause them to submit to the sexual advances of the defendant. In the Pre-sentencing Investigation Report, the defendant admits having had intercourse only with the older of these two girls. Further, he denies that he had ever beaten either of them or forced them to have intercourse with him.
Notwithstanding the defendant's version, he entered his plea of guilty to all three counts of carnal knowledge and one count of indecent behavior with a juvenile. The defendant now faces twenty six years imprisonment at hard labor.
The defense has argued that three consecutive sentences of eight years each and one sentence of two years, plus a fine, are excessive, noting that the defendant has no significant prior criminal record[2]; has a steady and productive work history; provides financial support to the "family"; and was not a danger to society. The defense also urged that the sentences run concurrently rather than consecutively. The statute on carnal knowledge of a juvenile provides for imprisonment with or without hard labor for not more than ten years (LSA-R.S. 14:80); and for indecent behavior with a juvenile, the statute provides for a fine of not more than five thousand dollars, or imprisonment with or without hard labor, for not more than five years, or both (LSA-R.S. 14:81).
Louisiana Constitution of 1974, Art. 1, Sec. 20, prohibits the imposition of excessive punishment. Accordingly, this court has held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is reviewable by this court on appellate review. *965 The trial judge's reasons in imposing sentence, as required by La.C.Cr.P. art. 894.1, are an important aid to this Court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Prados, 404 So.2d 925 (La.1981); State v. Day, 391 So.2d 1147 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Washington, 414 So.2d 313 (La.1982); State v. Douglas, 389 So.2d 1263 (La.1980); State v. Spencer, supra; State v. Sepulvado, supra. This court has held a sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194, (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980).
It appears in this case that the trial court more than adequately satisfied the guidelines expressed in La.C.Cr.P. Art. 894.1[3] by setting forth the sentencing considerations and the factual basis therefor in such detail as to allow this Court's review for excessiveness.
The record here clearly reflects consideration of the Art. 894.1 guidelines in particularizing a sentence to the defendant and the crime, (Guiden, supra) thereby taking into account both aggravating and mitigating circumstances in the case.
The trial court below noted that the defendant had a reputation for a hot temper both at work and at home. His temper was violent even towards the woman and children with whom he had relations; further, defendant's temper was so fierce that, at one time, a person who offered to help the defendant get out of his situation was met with such a savage reaction that he was intimidated into silence, even though living outside the defendant's home. The court below further found that defendant acted in a tyrannical, cruel and violent manner as towards the woman and her children so that they were all afraid to report the criminal acts of defendant.
The trial court also found, contrary to the psychiatric evaluation and report, that there was a real possibility that defendant might commit similar or other crimes, against the present victims, or others, in the *966 future if he were placed on probation. The judge expressed great concern that the defendant might be able to assume a position "to associate with, or to gain the confidence of a woman with small children" and thereby commit identical acts. The judge questioned the ability of the defendant to avoid the temptation to start such a liasion. For these reasons the trial court found that incarceration would be the preferable punishment as being necessary for the protection of society, especially to be segregated from females, young and old alike.
The trial judge also found that anything less than incarceration would seriously deprecate the seriousness of the crime. The court below distinguished the facts of the instant case where the defendant is thirty or more years old having carnal knowledge of juveniles barely into their teenage years, from the situation where both parties are adolescents, i.e. where the perpetrator is barely above the threshold age level and the consenting victim is slightly below the threshold age. See State v. Sepulvado, 367 So.2d 762 (La.1979). On the facts in Sepulvado, we remanded for resentencing, a sentence of three and one-half years out of the then possible five years maximum because it was excessive. But here, we have three counts of carnal knowledge occurring over a period of several years, by a defendant substantially older than the victim, to which the defendant has entered pleas of guilty.
In consideration of factors tending to mitigate the seriousness of the crime the trial court noted that there was apparently no physical harm done to the children; however, there is a very great likelihood that some emotional trauma has occurred and this in itself tends to lessen the importance of the absence of any physical harm. The court further noted the lack of provocation, and lack of factors which might tend to excuse or exculpate the defendant's criminal acts. The court also noted the lack of any acts on the part of the victims which may have helped induce or facilitate the crime.
In pronouncing sentence, the trial court also considered defendant's continued financial support for the children, even post-arrest; and the absence of any previous felony convictions in rejecting the prosecution's recommendation to impose the maximum available sentence of ten years on each count. The trial court disregarded the applicability of proffered character references and work reputation in dealing with adults in public transactions as being wholly immaterial to defendant's acts in private personal relationships. The court concluded that the defendant was untrustworthy in a private relationship with a woman or a child especially in view of the overall circumstances involved.
If the factual basis and individual considerations upon which the sentence is based appear in the record, our review will focus upon whether the trial court's large discretion has been abused. The trial court here has articulated reasons for the sentence imposed, taking into account both the aggravating and mitigating circumstances of the case. State v. Prados, 404 So.2d 925, 927 (La.1981). There is no abuse of the trial court's discretion in the record. Defendant has pleaded guilty to three very serious crimes of carnal knowledge of a juvenile and one lesser crime of indecent behavior. The trial court's belief that he poses a real and substantial risk to the safety of the public due to his past conduct or repeated criminality over an extended period justify consecutive sentences. State v. Carter, 412 So.2d 540 (La.1982).
We have considered the entire record made in this case and therefore decline to substitute our judgment for the considered judgment of the trial judge.
The sentence is affirmed.
AFFIRMED.
NOTES
[*] Judges Charles R. Ward, Jr., William H. Byrnes, III and David R.M. Williams of the Fourth Circuit Court of Appeal participated as Associate Justices Pro Tempore on this opinion with Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] The bills of information charging four counts of forcible rape were continued without date upon defendant's plea of guilty to the lesser charges.
[2] Defendant's Pre-sentencing Investigation Report indicated he had been convicted of DWI and had other charges involving certain crimes against the person which had been previously dropped.
[3] Art. 894.1. Sentence guidelines; generally

A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself of his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.