429 So.2d 442 (1983)
STATE of Louisiana
v.
Marvin PARISH.
No. 82-KA-0662.
Supreme Court of Louisiana.
April 4, 1983.
*443 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Scott J. Crichton, Asst. Dist. Atty., for plaintiff-appellee.
Wellborn Jack, Jr., Jack, Jack, Cary & Cary, Shreveport, for defendant-appellant.
BLANCHE, Justice.
Defendant Marvin Parish was convicted of attempted aggravated rape, a violation of LSA-R.S. 14:42, and sentenced to 20 years at hard labor. On original appeal, this court initially affirmed the conviction. However, on rehearing, we set aside the conviction on the grounds of insufficiency of the evidence and substituted therefor our judgment of attempted forcible rape, LSA-R.S. 14:42.1. State v. Parish, 405 So.2d 1080 (La.1980). On remand, the trial judge sentenced the defendant to ten years at hard labor. The defendant assails the new sentence as excessive in contravention of La. Const. art. I, § 20. Additionally, he claims that the trial court improperly denied him an opportunity to rebut erroneous information in the pre-sentence report that he had committed another sexual offense immediately following the one for which he was convicted.
Concerning the evidence in support of the defendant's conviction, we stated that:
"The evidence in this case is sufficient to warrant a jury's finding that the defendant actively desired to commit an act of sexual intercourse without the victim's consent by preventing her resistance with a threat of great harm under circumstances where the victim reasonably believed resistance would have been futile. The victim testified that the defendant obtained entry to her apartment under false pretenses, seized her by the throat, clamped her mouth, said he wanted to make love, warned her that he would kill her if she screamed, and dragged her toward a bedroom. She stated that he outweighed her about 130 pounds and was almost a foot taller." 405 So.2d at 1087.
In finding that the evidence did not constitutionally justify a verdict of aggravated rape, we stated:
"Within the range of attempted coercive sexual acts, the offense in this case clearly falls among those involved in a minimal use of force. Although the victim was frightened and perhaps disturbed psychologically, she was released substantially unharmed. The defendant abandoned his attempt for no reason other than a change of mind. He did not fondle the victim or subject her to any sexual indignity." Id.

In remanding the case for resentencing, we directed the trial judge to "consider, among other pertinent factors, the less serious nature of the crime of which defendant now stands convicted and the extensive mitigating circumstances of the case, not the least of which was the defendant's voluntary withdrawal from the attempt which in some jurisdictions constitutes a defense." Id. at 1088.
The ten year penalty imposed on the defendant is one-half of the maximum allowable for the offense of attempted forcible rape. LSA-R.S. 14:27, 42.1. However, by reason of the state's constitutional prohibition against excessive sentences, La. Const. art. 1, § 20, the imposition of a sentence within statutory limits is still subject to review for excessiveness or an abuse of the trial court's discretion. La. Const. art. 5, § 5; see State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Spencer, 374 So.2d 1195 (La.1979).
La.C.Cr.P. art. 894.1 provides appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive. State v. Cox, 369 So.2d 118 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance set out in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing *444 the sentence to the defendant. State v. Price, 403 So.2d 660 (La.1981); State v. Roussel, 381 So.2d 796 (1980); State v. Vaughn, 378 So.2d 905 (La.1979). In our opinion, the trial judge adequately considered statutory sentencing guidelines in this case with due regard for all of the mitigating circumstances.
In his reasons for the sentence, the trial judge noted, in compliance with the directive of this court on remand, the withdrawal by the defendant from the victim's residence. Our review of the sentencing colloquy shows that the judge also took into account the lesser nature of the crime for which the defendant stands convicted. He also considered all other mitigating factors in the defendant's behalf.
The trial judge heard the testimony of a clinical psychologist, who testified that the probability of the defendant repeating the same kind of behavior was low since the defendant did not fit the criminal profile of a rapist. The psychologist recommended that the defendant be given a sentence which "guaranteed a year or longer of good intensive psychotherapy". Nevertheless, the trial judge found no assurance in this testimony, remarking that the psychologist could not positively say that "it [the crime] would not happen again, and at the same time you have the stress factor which could reoccur." The psychologist believed that the defendant's behavior was based in part on stress related to his marital situation.
We find that the trial judge on remand conducted a very thorough hearing, heard argument of counsel, considered sentencing memoranda provided by counsel, and ordered a presentence investigation (to which counsel for defendant had access to prior to sentencing). The judge alluded to the sentencing instructions of this court on remand and was well aware of all the aggravating and mitigating circumstances surrounding the commission of the offense since he had tried the case. Our review of the original sentencing colloquy reflected that he adequately considered all relevant sentencing factors under La.C.Cr.P. art. 894.1 and considered the additional mitigating factors at the second sentencing hearing as directed by this court. We find no merit to the defendant's assertion that the ten year sentence is excessive.
Defendant also complains that the trial court improperly refused to allow him an evidentiary hearing to rebut the trial judge's inference that, according to information contained in the presentence report, defendant had attempted after the instant offense another sexual offense on another woman by grabbing her arm and attempting to drag her into a motel room. Evidence of this incident came to light during a bond reduction hearing held after the defendant's first trial. According to evidence produced at the bond reduction hearing, the defendant admitted to being present at the motel and mistakenly thought that the woman was the same woman with whom he had spent the night. The defendant stated to a detective that he told the woman that he was sorry because he had thought that she was someone else. No arrest was made.
During the psychologist's testimony at the sentencing hearing, the court asked the witness if the motel incident had ever been mentioned to him. Defense counsel objected, and the judge asked counsel if he disagreed with his impression of what had happened. Counsel did disagree and stated that the defendant had admitted to him his presence at the motel and that he "thought he had recognized the lady." The defendant had touched her on the arm and the lady responded that defendant had made a mistake. The trial judge overruled the defendant's motion for an evidentiary hearing on this matter.
While the fundamental precepts of due process require that a criminal defendant be afforded an opportunity to rebut or explain prejudicial or erroneous information in a presentence report, a full scale evidentiary hearing is not required in a sentencing hearing where the defendant is given an opportunity to traverse or explain the allegedly false information. La.C. Cr.P. art. 875; LSA-R.S. 15:574.12; State v. Trahan, 367 So.2d 752 (La.1978); State v. Bosworth, 360 So.2d 173 (La.1978). In our *445 opinion, the defendant was afforded ample opportunity to make the trial judge aware of his view of the incident such that a full-scale evidentiary hearing was not required. Moreover, the incident, in our view, did not figure prominently in the trial judge's decision to impose a ten year sentence; rather, the incident arose in connection with the psychologist's testimony regarding whether the defendant was the type of criminal who was likely to repeat his criminal behavior.
For these reasons, the sentence of the defendant is affirmed.
AFFIRMED.
WATSON, J., dissents, adhering to reasons expressed in the original consideration of this case. See State v. Parish, 405 So.2d 1080 (La.1980).