SAVOIE, Judge.
Donald Ray Smith, defendant, pled guilty to second degree battery and was sentenced to three years at hard labor. He appeals his sentence as excessive.[1]
On March 15, 1982, ninety-one year old Lucinda Brown was brutally beaten in her home. As a result thereof, Ms. Brown sustained fractured facial bones and her eyes were swollen closed. Defendant, who lived in the victim’s home, was questioned in connection with the beating. Thereupon, he admitted becoming angry with Ms. Brown for feeding her cats food he brought into the house and, for that reason, striking her in the facial area and about the head.
Defendant was charged by bill of information with second degree battery in violation of La.R.S. 14:34.1.[2] He pled guilty and *642 was sentenced to three years at hard labor. On appeal, he contends his sentence is excessive in that the trial court failed to consider a mitigating factor when imposing sentence.
Defendant asserts that he has a mental problem resulting from a concussion suffered in a 1976 car accident. He contends that the trial court ignored this as a mitigating factor since neither this nor any other mitigating factor was mentioned when the trial court imposed sentence.
La.C.Cr.P. art. 894.1 sets forth sentencing guidelines for the trial court. It provides three general conditions under which the court should impose a prison sentence. Another eleven factors are listed as considerations in determining suspension of sentence or probation. Finally, the statute requires the trial court to state for the record the considerations and the factual basis for imposing the given sentence. However, the trial court need not articulate every aggravating and mitigating circumstance. State v. Trahan, 412 So.2d 1294 (La.1982). The record must reflect only that he adequately contemplated the guidelines given in the article. State v. Trahan, supra.
We find the trial court adequately complied with La.C.Cr.P. art. 894.1. We note that upon being notified by defense counsel of defendant’s medical history, the trial court stated that it had received all information appropriate to the sentence. Thereupon, it passed sentence on defendant, particularly noting La.C.Cr.P. art. 894.1. The trial judge stated that confinement was appropriate because there was an undue risk that the defendant would commit another crime during the period of suspended sentence or probation. He proceeded to recount the defendant’s previous criminal record which dated back to 1971 when the defendant was arrested in Massachusetts for assault and battery of a police officer. This was followed by a conviction in 1972 in Rhode Island for simple assault on a policeman and interfering with the police in the performance of their duties. Noting this was the defendant’s third instance of crimes against the person, the trial court pointed out that the defendant had previously had the benefit of two probationary periods— for the 1972 offense and a 1980 charge for simple drunk. The trial court stated that the defendant was in need of correctional treatment which could be most effectively provided by his commitment to an institution. Finally, the trial court explained that a lesser sentence would deprecate the seriousness of the defendant’s crime, citing that the victim herein was a ninety-one year old female who was completely helpless to defendant’s attack.
Specifically addressing whether defendant’s mental problems resulting from a 1976 concussion may have had a role in this offense, we note that the defendant’s previous record of crimes against the person pre-dates the concussion. Additionally, there is no evidence linking his mental condition with his commission of this crime.
The defendant was sentenced to three years at hard labor with credit for time served. Under La.R.S. 14:34.1 the maximum imprisonment period is five years.[3]
The trial judge has wide discretion in the imposition of sentences within statutory limits. These sentences will not be set aside absent a manifest abuse of discretion. State v. Willis, 420 So.2d 962 (La.1982). However, even sentences within statutory limits may be considered excessive. State v. Trahan, supra. Such sentences, prohibited by Louisiana Constitution of 1974, Article I, Section 20, are those grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering. State v. Willis, supra.
Under the circumstances of this crime, we find the sentence imposed to be *643 neither grossly disproportionate nor a needless imposition of pain and suffering. On the contrary, we believe there is more than adequate justification for the sentence imposed. The sentence is affirmed.
AFFIRMED.

. In another assignment of error, the defendant asserted that the trial court erred in denying his motion to suppress his confession. However, this assignment was not briefed and, therefore, is considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4.

. R.S. 14:34.1. Second degree battery
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
*642 Whoever commits the crime of second degree battery shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both.

. Id.