CRAIN, Judge.
Defendant appeals his conviction of attempted forcible rape.
Defendant, Raymon Lee House, was charged by grand jury indictment with aggravated rape in violation of La.R.S. 14:42. He pled not guilty and was then tried and convicted by a twelve person jury of attempted forcible rape in violation of La. R.S. 14:42.1 and La.R.S. 14:27. Defendant was then charged and admitted to being an habitual offender under La.R.S. 15:529.1.[1] The trial court sentenced him to imprisonment at hard labor with the Department of Corrections for fifteen years. Defendant appeals claiming the sentence is excessive.
We affirm.
On June 11, 1982, in the early morning hours after a night of dancing and partying, the victim, her sister and a friend accepted a ride home with defendant. According to the victim, defendant stopped the car, and when she attempted to leave with the others, he attacked her. He first choked her and then raped her twice at gunpoint. Although her sister and friend tried to come to her aid, they eventually gave up attempts and ran to get help. After defendant raped her, the victim claimed that he brought her home. The crime was reported to the police, and the defendant was subsequently arrested, charged and convicted.
ASSIGNMENT OF ERROR NUMBER ONE:
Assignment of error number one was not briefed on appeal and is therefore considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied (La.1983) (decided September 16, 1983).
*266 ASSIGNMENT OF ERROR NUMBER TWO:
In assignment of error number two, defendant contends that the trial court erred in imposing an excessive sentence and in failing to follow the provisions of La.C.Cr.P. art. 894.1. More specifically, defendant claims that the trial court failed to state any mitigating factors in sentencing. The trial court is not required to enumerate each factor under article 894.1. State v. Grey, 408 So.2d 1239 (La.1982); State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983).
Given the reasons articulated by the trial court, we do not find an abuse of the trial court’s much discretion in sentencing. State v. Willis, 420 So.2d 962 (La.1982).
There is no merit to this assignment of error, therefore we affirm the judgment of the trial court.
AFFIRMED.

. Defendant was previously convicted of three counts of simple burglary on January 7, 1982. He was given a three year suspended sentence and placed on supervised probation. He was still on probation when sentenced in this case.