SAVOIE, Judge.
Ronald Sanders, defendant, was found guilty of attempted manslaughter and sentenced to seven years at hard labor. He appeals this sentence as excessive.[1]
On September 28, 1981, defendant became involved in an altercation with the victim after he was observed slashing tires on the victim’s car. In the ensuing fight, the victim was stabbed nine times. The majority of these wounds were sustained in the victim’s back.
Defendant was charged by bill of information with attempted second degree murder in violation of La.R.S. 14:27[2] and *314 14:30.1.[3] After a jury trial, the defendant was found guilty of attempted manslaughter [4] and sentenced to seven years at hard labor. On appeal, he contends his sentence is excessive in that the trial judge failed to consider any mitigating factors when imposing the sentence.
La.C.Cr.P. art. 894.1 sets forth sentencing guidelines for the trial court. It provides three general conditions under which the court should impose a prison sentence. Another eleven factors are listed as considerations in determining a suspension of the sentence or probation. Finally, the statute requires the trial court to state for the record the considerations and the factual basis for imposing the given sentence. However, the trial court need not articulate every aggravating and mitigating circumstance. The record must reflect only that he adequately contemplated the guidelines given in the article. State v. Parish, 429 So.2d 442 (La.1983).
Defendant asserts that the trial court articulated only those factors supporting the senténce given. While he contends that the trial court failed to articulate any mitigating circumstances, he failed to provide in brief, nor does the record show, that any were supplied the court.
In the instant case, the trial court articulated a litany of arrests, convictions, and prison terms served which support the sentence rendered. We find the trial court adequately complied with La.C.Cr.P. art. 894.1. Even assuming, arguendo, that La. C.Cr.P. art. 894.1 was not fully complied with, we find the sentence rendered to be valid in light of the entire record. See State v. Smith, 430 So.2d 31 (La.1983). Further, the trial judge has wide discretion in imposing sentences within the statutory limits. These sentences will not be set aside absent manifest abuse of discretion. State v. Willis, 420 So.2d 962 (La.1982). However, even sentences within statutory limits may be considered excessive. State v. Trahan, 412 So.2d 1294 (La.1982). Sentences grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering are prohibited by Louisiana Constitution of 1974, Article I, Section 20. State v. Willis, supra.
Here, the defendant was sentenced to seven years at hard labor. Under La.R.S. 14:27 and 14:31,[5] the maximum period of imprisonment is ten years-six months.
*315 Under the circumstances of this crime, we find the sentence imposed is neither grossly disproportionate nor a needless imposition of pain and suffering. On the contrary, we find the trial court sufficiently articulated the factual basis for the imposition of the sentence imposed. State ¶. Lewis, 434 So.2d 1261 (La.App. 1st Cir.1983).
For the above stated reasons, the sentence is affirmed.
AFFIRMED.

. While defendant complained of 7 assignments of error, he briefed only assignment of error number 7. Assignments of error numbers 1-6, not having been briefed, are considered abandoned. Rule 2-12.4, Uniform Rules Courts of Appeal.

. § 27. Attempt
“A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
“B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
“C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
"D. Whoever attempts to commit any crime shall be punished as follows:
"(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
"(2) If the offense so attempted is theft or receiving stolen things, and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. If the offense so attempted is theft or receiving stolen things, and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both;
*314 "(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.”

. § 30.1. Second degree murder
"Second degree murder is the killing of a human being:
"(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
"(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
“Whoever commits the crime of second degree murder shall be punishable by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.”

. Attempted manslaughter is a responsive verdict to Attempted Second Degree Murder. See La.C.Cr.P. art. 814 A.4.

.§ 31. Manslaughter
"Manslaughter is:
"(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; or
"(2) A homicide committed, without any intent to cause death or great bodily harm.
“(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
"(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.
*315 Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.”