SAVOIE, Judge.
Charles Perry, Jr., defendant, pled guilty to felony theft and was sentenced to ten years at hard labor. He appeals his sentence as excessive.
On or about September 5, 1981, defendant was observed putting thirty-six pair of gloves into a bag and leaving Montgomery Ward’s Department Store without paying for such items. Defendant was subsequently charged by bill of information with one count of felony theft in violation of L.S.A.-R.S. 14:67.[1] He pled guilty and was *331 sentenced to ten years at hard labor. On appeal, defendant contends his sentence is excessive in that the trial court failed to consider certain enumerated mitigating factors in imposing sentence.
Defendant asserts that he has an on-going drug problem which he acquired while serving in the U.S. Military. He further stated that he had received an honorable discharge from the military. Defendant also contends that his married status and two children are mitigating factors which should have been considered.
La.C.Cr.P. art. 894.1 sets forth sentencing guidelines for the trial court. It provides three general conditions under which the court should impose a prison sentence. Another eleven factors are listed as considerations in determining suspension of sentence or probation. Finally, the statute requires the trial court to state for the record, the considerations and factual basis for imposing the given sentence. However, the trial court need not articulate every aggravating and mitigating circumstance. The record must reflect only that he adequately contemplated the guidelines given in the article. State v. Parish, 429 So.2d 442 (La.1983).
We find the trial court adequately complied with La.C.Cr.P. art. 894.1. The trial judge specifically referred to all of the mitigating factors advanced by the defendant. Further, the trial court stated that the defendant had been arrested five times for various offenses between the instant charge and his date of sentencing. The record also reflects that defendant has a past history of theft, including one other felony count.
The trial judge has wide discretion in imposition of sentences within the statutory limits. These sentences will not be set aside absent manifest abuse of discretion. State v. Willis, 420 So.2d 962 (La.1982). However, even sentences within statutory limits may be considered excessive. State v. Trahan, 412 So.2d 1294 (La. 1982). Those sentences grossly out of proportion to the severity of the crime or nothing more than purposeless and needless imposition of pain and suffering are prohibited by the Louisiana Constitution of 1974, Article I, Section 20. State v. Willis, supra.
Based upon this record, we find that the sentence imposed is neither grossly disproportionate nor a needless imposition of pain and suffering. On the contrary, we believe there is more than adequate justification for the sentence imposed. The sentence is affirmed.
AFFIRMED.

. § 67. Theft
"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
"Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
“When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
“When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not *331 more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
"When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.”