SAVOIE, Judge.
Willie Coleman, defendant, pled guilty to receiving stolen goods and was sentenced to 14 months at hard labor. He appeals this sentence as excessive.
On October 12, 1981, the victim of a burglary saw the defendant pawning some jewelry taken earlier that day during the burglary. Based upon the victim’s statements and information supplied by the proprietor of the pawn shop, the defendant was arrested. When arrested, he was in possession of additional jewelry taken in the burglary.
Defendant was charged by a bill of information with receiving stolen things in violation of La.R.S. 14:69. After pleading guilty, the defendant was sentenced to 14 months at hard labor. On appeal, he contends his sentence is excessive in that the trial court failed to properly consider the non-violent nature of the crime as a mitigating factor when imposing the sentence.
La.C.Cr.P. art. 894.1 sets forth sentencing guidelines for the trial court. It provides three general conditions under which the court should impose a prison sentence. Another eleven factors are listed as consideration in determining a suspension of the sentence or probation. Finally, the statute requires the trial court to state for the record the considerations and factual basis for imposing the given sentence. However, the trial court need not articulate every aggravating and mitigating circumstance. The record must reflect only that he adequately contemplated the guidelines given in the article. State v. Parish, 429 So.2d 442 (La.1983).
In the instant case, the trial court articulated a lengthy criminal record, failure to report to the Probation and Parole Office for defendant’s interview, and that the defendant had failed to make any effort at restitution as support of the sentence rendered. It further noted that the crime with which the defendant was charged was of non-violent nature. However, the trial court concluded that such factor did not mitigate the seriousness of the crime. We find the trial court adequately complied with La.C.Cr.P. art. 894.1.
Trial courts have wide discretion in imposing sentences within the statutory limits. Those sentences will not be set aside absent manifest abuse of discretion. State v. Willis, 420 So.2d 962 (La.1982). However, even sentences within statutory limits may be considered excessive. State v. Trahan, 412 So.2d 1294 (La.1982). Sentences grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering are prohibited by the Louisiana Constitution of 1974, Article I, Section 20. State v. Willis, supra.
Here, the defendant was sentenced to 14 months at hard labor. Under La.R.S. 14:69, the maximum period of imprisonment is two years.
Under the circumstances of this crime, we find the sentence imposed is neither grossly disproportionate nor a needless imposition of pain and suffering. On the contrary, we find the trial court sufficiently articulated the factual basis for the imposition of the particular sentence imposed. State v. Lewis, 434 So.2d 1261 (La. App. 1st Cir.1983).
For the above stated reasons, the sentence is affirmed.
AFFIRMED.