ALFORD, Judge.
Defendant, Alvin Hutchinson, was charged by bill of information with simple burglary in violation of LSA R.S. 14:62, and subsequently plead guilty to the charge. After a pre-sentence investigation, the trial *353 judge sentenced defendant to be incarcerated in the East Baton Rouge Parish Jail for a period of three years. In his sole assignment of error, defendant alleges that the sentence he received is excessive.
The imposition of a sentence may violate a defendant’s constitutional right against excessive punishment, regardless of the fact that it is within statutorily defined limits, and is subject to review on appeal. State v. Willis, 420 So.2d 962 (La. 1982); State v. Sepulvado, 367 So.2d 762 (La.1979). Article 894.1 of the Louisiana Code of Criminal Procedure establishes the statutory guidelines to be followed by judges in imposing sentences on those convicted of crimes. This article not only gives the mitigating factors to be taken into account by the trial judge, but also mandates that the judge state the considerations and factual basis for imposing the sentence.
Defendant maintains that the fact that he is gainfully employed with a family to support is a mitigating factor which makes his sentence excessive. It is apparent from the sentencing transcript that the trial judge followed the requirements of article 894.1. Defendant’s employment, family situation and educational background are specifically referred to. Additionally, the trial judge went on to note that defendant’s prior criminal record and past unsuccessful probation periods made it likely that he would commit other crimes unless he was incarcerated. A review of the sentencing transcript leads this court to the opinion that the trial court committed no manifest error in light of its wide discretion in such matters. State v. Willis, supra.
Therefore, for the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.