SAVOIE, Judge.
Marshall Smith, defendant, appeals his four-year sentence for possession of a controlled dangerous substance. Given the wide discretion allowed the trial court, we find no manifest abuse of discretion by the imposition of this sentence nor is it a purposeless imposition of pain and suffering. Accordingly, we affirm.
Defendant was arrested for aggravated assault. As a result thereof, the arresting officer searched defendant and found two orange capsules on defendant’s person. The capsules contained dextropropoxy-phene, a controlled dangerous substance listed in La.R.S. 40:964, Schedule IV.
By bill of information, defendant was charged with possession of detropropoxy-phene in violation of La.R.S. 40:969(C).[1] He pled guilty[2] and was sentenced to four years in the custody of the Department of Corrections and ordered to pay court costs in the amount of $129.30.
Defendant poses two Assignments of Error as his bases for appeal from the lower court. However, Assignment of Error No. 1 was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.-4. In Assignment of Error No. 2, defendant asserts that the trial court erred in imposing an excessive sentence.
ASSIGNMENT OF ERROR NO. 2
Defendant’s assignment of excessive sentence as error is founded on three contentions.
First, he contends that the trial court erred when it considered defendant’s entire criminal record for sentencing purposes. Defendant argues that charges pending against him or which have been dropped at the time of sentencing should not be considered.
This argument is not supported by La.C.Cr.P. art. 894.1(B)(7), which provides that one mitigating factor arises when “[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime.” It is apparent therefrom that the *848 trial court’s consideration of criminal activity is not limited to convictions. State v. Brown, 410 So.2d 1043 (La.1982).
Secondly, defendant contends that the trial court failed to follow the sentencing procedure of La.C.Cr.P. art. 894.1.
La.C.Cr.P. art. 894.1 requires the trial court to state for the record the considerations and factual basis for imposing the given sentence. However, it need not articulate every aggravating and mitigating circumstance. The record need only reflect that the trial judge adequately contemplated the guidelines given in the article. State v. Parish, 429 So.2d 442 (La.1983).
In pronouncing sentence, the trial court noted confinement was appropriate because there existed an undue risk that defendant would commit another crime during a period of suspended sentence or probation. In support of this determination, the trial judge cited defendant’s past criminal activity which included three arrests for crimes against the person. The judge opined that defendant is in need of correctional treatment which could be provided most effectively by his commitment to an institution. Further, he commented upon the defendant’s admitted extensive use of controlled dangerous substances and alcohol. The court stated that it would recommend that, along with defendant’s sentence, defendant receive the benefit of the available treatment for those substances.
We find that the trial judge’s articulation of his reasons for the sentence imposed meets the statutory criteria.
Lastly, defendant contends that the trial court imposed an excessive sentence.
The trial court has wide discretion in the imposition of sentences within statutory limits. These sentences will not be set aside absent manifest abuse of discretion. However, even sentences within statutory limitations may be considered excessive. Those sentences grossly out of proportion to the severity of the crime or which are nothing more than purposeless and needless imposition of pain and suffering are prohibited by the Louisiana Constitution of 1974, Article I, Section 20. See State v. Willis, 420 So.2d 962 (La.1982).
The maximum sentence for the violation of La.R.S. 40:969(C) is imprisonment with or without hard labor for not more than five years. In addition, a fine of not more than five thousand dollars may be imposed. In the instant case, defendant pled guilty to possession of dextropropoxy-phene in violation of La.R.S. 40:969(C). He received a sentence of four years at hard labor and no monetary fine other than court costs. We find that this sentence is neither grossly disproportionate to the severity of the crime nor a needless imposition of pain and suffering in light of the views enunciated by the trial court.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. We note that while defendant was initially arrested for the crime of aggravated assault, he was not charged with this crime.

. The trial judge accepted the guilty plea after determining that it was made voluntarily and with an understanding of the nature of the charge.