ALFORD, Judge.
Joseph James Murray, a/k/a Wendell Paul, was charged by separate bills of information with two counts of armed robbery (LSA-R.S. 14:64), two counts of receiving stolen things (LSA-R.S. 14:69),[1] one count of simple kidnapping (LSA-R.S. 14:45), and one count of simple burglary of an inhabited dwelling (LSA-R.S. 14:62.2). Defendant pled guilty to each of the above charges and was sentenced as follows:
Armed robbery (bill # 5-83-91) 35 years at hard labor, without benefit of probation, parole or suspension of sentence to be served concurrently;
Armed robbery (bill # 5-83-216) 35 years at hard labor, without benefit of probation, parole or suspension of sentence to be served concurrently;
*17 Receiving stolen things (bill # 1-82-78) two years at hard labor to be served concurrently;
Receiving stolen things (bill # 12-81-478) two years at hard labor to be served concurrently;
Simple kidnapping (bill # 5-83-90) four years at hard labor to be served concurrently.
Simple burglary of an inhabited dwelling (bill # 10-81-1025) eight and one-half years at hard labor, the first year to be served without the benefit of probation, parole or suspension of sentence, to be served consecutively.
Defendant argues that the trial court erred in the following respects:
1. The trial court failed to give sufficient reasons for the sentences imposed and failed to consider mitigating circumstances in accordance with LSA-C.Cr.P. art. 894.1.
2. Defendant’s sentence of thirty-five (35) years at hard labor for each of the armed robbery charges was unconstitutionally excessive, although within statutory limits.
3. The trial court failed to specify the number of years defendant would be sentenced for the kidnapping charge.
4. The trial court failed to specify the bill numbers for the two receiving stolen things charges and the charge of burglary of an inhabited dwelling.
Defendant first contends that the trial judge failed to comply with the sentencing guidelines provided in LSA-C.Cr.P. art. 894.1. That article provides three general conditions under which the court should impose a prison sentence. Another eleven factors are listed as considerations in determining suspension of sentence or probation. Finally, the statute requires the trial court to state for the record the considerations and factual basis for imposing a given sentence. However, the trial court need not articulate every aggravating and mitigating circumstance. The record must reflect only that he adequately contemplated the guidelines. State v. Parish, 429 So.2d 442 (La.1983).
In its sentencing procedure, the trial court noted that defendant had several pri- or felony convictions, and that defendant was a danger to both society and himself. The trial court also noted that the two counts of armed robbery were crimes of violence, and that the burglary of an inhabited dwelling also presented potential danger of harm to others. The presence of these factors presents an undue risk that defendant would commit another crime if he were not incarcerated for a lengthy period.
The trial court also articulated several mitigating factors in imposing the sentences. He noted that defendant had acknowledged his wrongdoing by pleading guilty to the charges and that no one was physically injured during the commission of any of the offenses. Also noted was defendant’s use of drugs, and that the two counts of receiving stolen things were nonviolent offenses. Accordingly, we find that the trial court properly complied with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
Defendant next argues that the sentences for the armed robbery charges were excessive. It is well settled that the trial judge is given wide discretion in imposing sentences within statutory limits, and the sentence imposed will not be set aside absent a manifest abuse of that discretion. State v. Lanclos, 419 So.2d 475 (La.1982). We note that the sentences imposed for each count were in the low range of sentencing exposure. Further, these sentences are to be served concurrently, although each arose from a different incident. In light of defendant’s record, and the fact that the armed robbery convictions did not arise out of a single course of conduct, we find that that trial judge did not abuse his discretion in imposing the instant sentences.
Defendant also notes as error that the trial court failed to specify the number of years for which defendant was to be *18 imprisoned for the count of simple kidnapping.[2] However, the record clearly reveals that defendant was sentenced as follows: “... on the simple kidnapping, the sentence of this Court is that [defendant] be confined at hard labor ... for a period of four years...” Defendant’s argument is without merit.
Finally, defendant argues that the trial court erred in its sentencing procedure by failing to specify the bill numbers for the two charges of receiving stolen goods and the charge of simple burglary of an inhabited dwelling. Although each bill number was not repeated before the respective sentence was rendered, it is apparent from the sentencing transcript and the reporter’s comments therein that the offenses were addressed in- the exact sequence as the bill numbers appeared on the sentencing docket. Accordingly, we find no merit in defendant’s argument.
For the foregoing reasons, defendant’s convictions and sentences are affirmed.
AFFIRMED.

. LSA-R.S. 14:69 was amended by Acts 1982, No. 552, § 1. It is presently entitled “Illegal possession of stolen things.”

. Although not raised by defendant, we note that bill of information number 5-83-90, charging defendant with simple kidnapping, is defective because the statute cited therein [LSA-R.S. 14:44(1) ] is incorrect. La.C.Cr.P. art. 464 requires the inclusion in an indictment of information of the official citation of the statute a defendant is alleged to have violated. However, the article further provides that "... [e]rror in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." Defendant made no showing of having been mislead to his prejudice. See, State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984), writ denied, 450 So.2d 644 (La.1984).