JiDUFRESNE, Judge.
Defendant, Deon Jackson, was convicted of three counts of distribution of cocaine and sentenced, after adjudication as an habitual offender, on count one to twenty years at hard labor and fifteen years at hard labor each on counts two and three, all to run concurrent. He appeals from his convictions and sentences. For the reasons which follow, we affirm the convictions, and sentences.
The offenses in this matter involve three different undercover drug sales which occurred in June and July of 1994. On June 20, 1994, Agent Eros Grant (Grant) of the Jefferson Parish Sheriffs Office Narcotics Division conducted an undercover purchase of crack cocaine from a black male on Robinson Street in Jefferson Parish. Grant traveled to that location, where he saw drug transactions being conducted. When Grant pulled up to the area in his vehicle, a black male approached his vehicle. Grant said that he wanted to purchase drugs. The black male went to a nearby tree, bent down, picked up an ^object and returned to Grant’s vehicle. The black male gave Grant rock-like substances that appeared to be crack cocaine. At the time of the purchase, Grant did not know the identity of the seller. However, at a subsequent photo lineup, Grant identified defendant’s photograph as that of the seller. Grant later learned that the man’s name was Deon Jackson.
On June 24, 1994, Agent Michael Jackson (Agent Jackson) was working as an undercover narcotics agent in the area of Ames Boulevard and Westbank Expressway in Marrero, Louisiana. A confidential informant (C.I.) with Agent Jackson said that a man they saw at a gasoline station in the area had illegal drugs for sale. Agent Jackson approached the man, talked with him and purchased twelve rock-like substances for $200. Later, during a photo lineup, Agent Jackson positively identified defendant as the seller.
On July 21, 1994, Agent Jackson made another drug purchase from defendant in the Lincolnshire Subdivision in Jefferson Parish. While riding in that area, Agent Jackson and a C.I. were looking for persons that the informant knew. When Agent Jackson saw defendant, the man who had previously sold him illegal drugs, he stopped. After talking with defendant, Agent Jackson made a purchase of twenty-five rocks, which appeared to be crack cocaine, for $500. Later, Agent Jackson identified defendant in a photo lineup as the man who sold him the crack cocaine on July 21,1994.
Subsequent laboratory analysis of all the substances purchased indicated that they were cocaine.
*1280 ^Defendant was charged by bill of information with three counts of distribution of cocaine, in violation of La.R.S. 40:967(A). He pled not guilty and filed several pre-trial motions, none of which are pertinent to this appeal. A jury trial was conducted.
At trial, Grant and Agent Jackson both positively identified defendant as the person that sold each of them the cocaine. Defendant presented testimony from Demitris Kennedy, his girlfriend, and Lynell Williams, Kennedy’s brother, that defendant never drove a Datson 210 vehicle, the automobile which Agent Jackson said defendant was driving during the June 24,1994 transaction. At the conclusion of trial, the jury returned a verdict of guilty, as charged, on all three counts.
On March 21, 1996, the trial court sentenced defendant to fifteen years at hard labor on each of the three counts and ordered that the sentences run concurrently. On that same date, defendant was arraigned as an habitual offender. Reading of the habitual offender bill of information was waived and defendant entered a plea of not guilty. A hearing on the matter was set for April 11, 1995. On that date, defendant was informed of his rights and entered a guilty plea to the habitual offender charges, admitting identity to the previous 1992 conviction for possession of cocaine. Defendant waived sentencing delays. The trial court vacated defendant’s previous sentences and resentenced him to twenty years at hard labor on count one and fifteen year sentences on counts two and three, all to run concurrent. Defendant was given credit for time served.
|4Pefendant appeals from his convictions and sentences, arguing only that the sentences imposed were excessive and requesting that the court review the record for any errors patent.
Defendant argues that the sentences were excessive. Specifically, he complains that (1) the trial court did not state its reasons for the sentences, either at the time of the original sentence or at the time of sentencing as a second felony habitual offender, (2) the trial court did not consider any mitigating factors, (3) the trial court did not order a pre-sen-tence investigation report, and (4) the trial court did not refer to the sentencing guidelines.
The Louisiana Constitution, in Article 1, Section 20, prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit, may violate a defendant’s constitutional right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La.1983).
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentencing is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion to sentence within statutory limits. State v. Guiden, 399 So.2d 194 (La.1981), cert. den. 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982); State v. Bradham, 94r-7l (La.App. 5 Cir. 5/31/94), 638 So.2d 428; | State v. Rivers, 470 So.2d 351, 352-353 (La.App. 5 Cir.1985);
In its evaluation of an excessiveness claim, an appellate court should examine the reasons set forth by the sentencing court to determine whether there has been a manifest abuse of discretion which would warrant a setting aside of the sentence. State v. Willis, 420 So.2d 962 (La.1982). Although the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to defendant. State v. Guiden, 399 So.2d at 200.
La.C.Cr.P. art. 894.1(C), in effect at the time defendant was sentenced on all counts, provided that the trial court, “shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.” Although that provision was thereafter amended, 1995 La. Act 942, the only change in the above requirement of record *1281 articulation of sentencing considerations was the elimination of the reference to aggravating and mitigating circumstances. The trial court must still make a record of the considerations taken into account and the factual basis for the sentence.
It has been held that a remand for more complete compliance with La.C.Cr.P. art. 894.1 is not necessary when the sentence is not 16apparently severe or where the record otherwise supports the sentencing choice. State v. Robicheaux, 412 So.2d 1313 (La. 1982); State v. Martin, 400 So.2d 1063 (La. 1981). State v. Gordon, 504 So.2d 1135,1143 (La.App. 5 Cir.1987).
In this case, although the trial court did not state any reasons for the sentences imposed, the defendant is a habitual offender with three counts of distribution of cocaine. A sentence of twenty years on Count One and fifteen year sentence on Counts Two and Three, all to run concurrent is not excessive. In fact, this sentence is near the minimum sentence allowed for a multiple offender.
We have further reviewed the record for any errors patent and find that Jackson was not advised of the prescriptive period for filing post-conviction applications as provided in La.C.Cr.P. art. 930.8. The trial judge is ordered to inform Jackson of the provisions of this article by sending appropriate written notice to him within 10 days of this opinion and to file written proof in this record that appellant received this notice.
Accordingly, defendant’s convictions on three counts of distribution of cocaine are affirmed. His adjudication as a second felony habitual offender is affirmed. The sentences imposed on the three convictions are affirmed; however, the case is remanded with instructions.

AFFIRMED, REMANDED WITH INSTRUCTIONS.

CANNELLA, J., concurs in part and dissents in part.