441 So.2d 719 (1983)
STATE of Louisiana
v.
Alvin SOCO.
No. 82-KA-2019.
Supreme Court of Louisiana.
November 28, 1983.
*720 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Hortence Patterson, Asst. Dist. Attys., for plaintiff-appellee.
Vernon Thomas and Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
DIXON, Chief Justice.
Defendant was convicted of armed robbery, R.S. 14:64. He was sentenced to the maximum term of ninety-nine years. From that sentence, defendant appeals.
Bobby Morgan, the victim, related that on November 28, 1980 he was working at the Dixie Parking Lot on St. Charles Avenue in New Orleans. After the last customer left, around 5:00 p.m.:
"... this robber came right in the shack, pushed me down, showed me his gun, pointed it at me, put it back in his belt, slapped me, and proceeded to take all the money I had, including my own and the company money. It lasted ... less than five minutes. Then, when he went running,... I got up and called the police."
Approximately $110.00 of the victim's own money and $250.00 of the company's money was taken. The victim identified defendant as the armed robber, both by photographic lineup and identification in the courtroom. There was alibi testimony that defendant was in Napoleonville at the time of the robbery, but the unanimous jury convicted him nonetheless.
At the sentencing hearing, the judge gave the following recitation:
"All right, in view of the fact that this defendant has demonstrated to this Court he has no respect for law and order, when he gets up here and commits perjury, after having committed the felony of armed robbery, and that he does not intend to rehabilitate. He has convinced me beyond a reasonable doubt to that effect. He just wants to get out so he can do it all over again. Next time, he won't get caught maybe, he figures.
It is therefore, the sentence of this Court that you shall serve ninety-nine years at hard labor ..."
Maximum sentences provided by the statutes are reserved for the "worst kind of offender."State v. Quebedeaux, 424 So.2d 1009,1014 (La.1982). In order for there to be proper review of the sentence to determine its constitutionality, La. Const, art. 1, § 20, that is, whether the defendant is the worst kind of offender, an adequate record specifying the basis for the sentence must be made. This record is mandated by C.Cr.P. 894.1, which also provides the sentencing judge with guidelines to follow when passing sentence. In the absence of compliance with C.Cr.P. 894.1, it is impossible for this court to determine whether the sentence for this particular defendant is constitutionally excessive.
While the trial judge need not recite the entire article 894.1 checklist of aggravating and mitigating factors, the record must reflect that the judge adequately considered the guidelines. State v. Quebedeaux, supra; State v. Trahan, 412 So.2d 1294, 1296 (La.1982). Important elements which must be considered are the convict's personal history (age, family ties, marital status, health, employment record), prior criminal record or absence thereof, seriousness of the particular offense, and the likelihood of recidivism or rehabilitation. State v. Quebedeaux, supra; State v. Trahan, supra. Further, the judge must state for the record the considerations taken into account and the factual basis therefor. C.Cr.P. 894.1(C); State v. Jones, 398 So.2d 1049, 1052 (La.1981). The judge must, in effect, justify his sentence with factual reasons.
*721 In his reasons for sentence, the judge below recited only that defendant committed perjury and thereby showed no intent to rehabilitate. The defendant's credibility is not necessarily a relevant factor for determining the proper sentence (State v. Smith, 407 So.2d 652, 657 (La. 1981)) and certainly not sufficient to justify the maximum sentence. The judge evidently failed to consider that defendant had no prior criminal record. The record fails to disclose whether the judge considered the guidelines at all, especially with regard to the mitigating factors. By the judge's failure to comply with article 894.1, the record does not demonstrate that defendant is the worst kind of offender, deserving of the maximum sentence.
Accordingly, defendant's conviction is affirmed, the sentence is set aside, and the case is remanded to be reassigned to another judge for resentencing in accordance with the provisions of C.Cr.P. 894.1.