CARTER, Judge.
The defendant, Carl Madison Wilkins, was charged by bill of information with ten counts of aggravated crime against nature in violation of LSA-R.S. 14:89.1, two counts of malfeasance in office in violation of LSA-R.S. 14:134.1, and two counts of crime against nature in violation of LSA-R.S. 14:89. After initially pleading not guilty to each of these counts, the defendant prior to trial withdrew his plea of not guilty and entered a plea of guilty to each count.
On August 15, 1984, defendant was sentenced as follows:
(1) On each of the ten counts of aggravated crime against nature, imprisonment at hard labor in the custody of the Secretary of the Department of Corrections for a period of ten years without benefit of parole, probation, or suspension of sentence. Said sentences to be served concurrently;
(2) On two counts of malfeasance in office, imprisonment at hard labor for five years in the custody of the Secretary of the Department of Corrections on each count. Said sentences to be served consecutively to each other, but concurrently with the sentences imposed for aggravated crime against nature.
(3) On each of the two counts of crime against nature, five years imprisonment at hard labor in the custody of the Secretary of the Department of Corrections. Said sentences to be served concurrently with each other and with the sentences imposed for aggravated crime against nature.
From the imposition of these sentences, defendant appeals alleging that the trial judge failed to follow the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 and that the trial judge erred in imposing an excessive sentence.
COMPLIANCE WITH LSA-C.Cr.P. ART. 894.1
LSA-C.Cr.P. art. 894.1 requires the trial judge to state for the record the considerations taken into account by him and the factual basis therefor when imposing sentence. State v. Coleman, 432 So.2d 323 (La.App. 1st Cir.1983). The trial judge need not recite the entire checklist of LSA-C.Cr.P. art. 894.1, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984); State v. Soco, 441 So.2d 719 (La.1983); State v. Trahan, 412 So.2d 1294 (La.1982). The trial judge must, in effect, justify his sentence with factual reasons. State v. Davis, supra; State v. Soco, supra; State v. Jones, 398 So.2d 1049 (La.1981).
Defendant contends that the trial judge, in imposing sentence, did not take into consideration various factors, viz. that defendant was remorseful, that defendant has suffered immensely, and that as a first offender, defendant is deservous of leniency in sentencing. We disagree. The trial judge appropriately complied with LSA-C. Cr.P. art. 894.1. In sentencing defendant, the trial judge stated:
My decision is only affected by the type of the crime, your past record, and how to deter this crime in the future, if possible. Taking into consideration your background, the fact that you had no juvenile record at all, and the fact that you had no felony arrests at all as an adult — uh—and certainly no convictions other than the one in Orleans and here, all that considered, the court imposes the following sentence....
The trial judge further stated:
We have taken into consideration the nature of these crimes. We have taken into consideration that there is an undue risk during any period of a suspended sentence, if it were even permitted, that another crime would be committed. We have taken into consideration that you are in need of correctional treatment in a custodial environment. And that can be provided most effectively by the commit *1353 ment to the Louisiana Department of Corrections. That any lesser sentence would certainly deprecate the seriousness of these crimes. We have taken into consideration the Department of Probation and Parole and Corrections— uh — in their presentence investigation in recommending a ten year sentence.
A thorough review of the sentencing transcript reveals that the trial judge adequately considered the factors enunciated in LSA-C.Cr.P. art. 894.1. This assignment of error is without merit.
EXCESSIVE SENTENCE
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering: to determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980); State v. Freeze, 438 So.2d 1340 (La.App. 3rd Cir.1983).
The sentences imposed herein are within the statutory limits.[1] Although defendant could have been sentenced to imprisonment for a total of 180 years and fined a total of $24,000.00, the defendant received concurrent sentences requiring incarceration for a maximum period of ten years. Further, the trial judge did not impose any fine.
In the instant case, the defendant, an acting Assistant Secretary of the Office of Juvenile Services and Correctional Executive Officer for the Department of Corrections, took advantage of his position in the juvenile correction system to facilitate his immoral activities. Defendant stands convicted of numerous counts of performing abnormal sexual acts upon the persons of young male individuals during their incarceration at various juvenile training facilities operated by the state. Although he has now been removed from this position, there is nothing to indicate that the appellant, if he were free in society, would not continue to prey on those of tender years. Defendant’s character, as reflected by the commission of the numerous sexual offenses over a lengthy period of time, cannot be said to be indicative of one unlikely to commit another crime. Clearly, the penalties imposed are appropriate to the offense and the offender and they are not so disproportionate as to shock our sense of justice.
Accordingly, the sentence of the trial court is affirmed.
AFFIRMED.

. For each conviction of aggravated crime against nature, LSA-R.S. 14:89.1 requires a sentence of at least three (3) years but not more than fifteen (15) years at hard labor with no benefit of parole, probation, or suspension of sentence. For each conviction of malfeasance in office, LSA-R.S. 14:134.1, defendant could be fined not more than $10,000.00 and imprisoned up to ten (10) years on each count, or both. For each conviction of crime against nature, LSA-R.S. 14:89, the defendant could be fined not more than $2,000.00 on each count and imprisoned not more than five (5) years with or without hard labor, or both.