469 So.2d 1051 (1985)
STATE of Louisiana, Appellee,
v.
Herbert L. McGHEE, Jr., Appellant.
No. 16922-KA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1985.
Woods, Cassell & Poe by: B.J. Woods, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Henry N. Brown, Jr., Dist. Atty., Bobby Stromile, Asst. Dist. Atty., Benton, for appellee.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
NORRIS, Judge.
Defendant, Herbert L. McGhee, Jr., pursuant to a plea bargain, pled guilty to one count of aggravated burglary and one *1052 count of aggravated battery. He was sentenced to the maximum terms of 30 years at hard labor on the aggravated burglary conviction and ten years at hard labor on the aggravated battery conviction. The sentences were ordered to be served consecutively. Defendant appeals, complaining the sentences are excessive and that the trial judge failed to adequately comply with La.C.Cr.P. art. 894.1. Because the record reflects neither minimum compliance with 894.1 nor articulated justification for consecutive sentences, we vacate the sentences and remand to the district court for resentencing. The convictions are affirmed.
On March 17, 1984, defendant was arrested by Bossier City Police for aggravated burglary, aggravated battery, attempted aggravated rape, armed robbery and burglary of an inhabited dwelling. By bill of information filed April 17, 1984, the state charged defendant with aggravated burglary and attempted aggravated rape. In contemplation of a plea bargain, on May 29, 1984, the court allowed the state, with defendant's consent, to amend Count 2 of the bill of information, orally in open court, to charge defendant with the less serious crime of aggravated battery of Natalie Runyan instead of attempted aggravated rape.[1] Defendant subsequently pled guilty to the original aggravated burglary charge and the amended aggravated battery charge, pursuant to the plea bargain. Another term of this plea bargain was the state's agreement not to file additional charges.
In the early morning of March 17, 1984, the defendant entered the residence of Natalie Runyan and Kelly Wilson, sisters, who were residing at 3239 Cloverdale, Bossier City, Louisiana. Natalie Runyan was preparing to go to work, had just stepped out of the shower and was in the process of getting dressed. She went to the closet to retrieve a pair of shoes and, as she was bending down, defendant grabbed her from behind and placed a large knife to her mouth. The defendant then ordered Miss Runyan into a bedroom which was occupied by the victim's sister. Upon observing the sister, the defendant ordered the victim into the other bedroom. Miss Runyan advised the defendant that he had better leave because someone was coming to the apartment to pick her up for work. Meanwhile, the victim's sister, Kelly Wilson, had awakened while the defendant was in her bedroom and she, too, advised defendant that he should leave because someone was coming to take her sister to work. Natalie then told the defendant to take her purse and anything else, leave her, but just don't hurt her. The defendant then took the purse and left the apartment. Miss Runyan did not receive any major injuries from the incident, but did receive some superficial wounds when the knife was placed around her mouth and throat. The defendant was later apprehended because his car, which was seen in the parking lot of the apartment complex, was traced and determined to belong to him. Defendant admitted the facts of the incident referred to above were "pretty close" to what happened.
After ordering a pre-sentence investigation, the trial judge sentenced the defendant to the maximum terms for each offense and ordered that they be served consecutively. At the sentencing hearing, the judge noted the facts surrounding the offenses, the seriousness of the offenses, that defendant had admitted committing a rape in 1983, and further gave the following recitation to justify the sentences imposed:
You are twenty-five years old, and your recent conduct, of course, has been very dangerous.
Your violent conduct is such that a sentence of anything less than incarceration would deprecate the seriousness of these offenses, and the Court is also of the opinion because of this dangerous conduct that there is a very real possibility that you may commit other such offenses unless you are incarcerated, and *1053 that you are very much in need of the structured environment that will best be provided by a correctional institution.
Article I Sec. 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment. Although a sentence is within the statutory limits it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Maximum sentences provided by the statutes are reserved for the "worst kind of offender." State v. Soco, 441 So.2d 719 (La. 1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). In order for an appellate court properly to review a maximum sentence to determine its constitutionality, that is, whether the defender is the worst kind of offender, there must be an adequate record clearly specifying the basis for the sentence. This record is mandated by La.C.Cr.P. art. 894.1, which also provides the sentencing judge with guidelines to follow in passing sentence. In the absence of minimum compliance with La.C. Cr.P. art. 894.1, it is impossible for this court to determine whether the sentence for a particular defendant is constitutionally excessive.
While the trial judge need not recite the entire 894.1 checklist of aggravating and mitigating factors, the record must reflect that the trial judge adequately considered those factors. State v. Soco, supra; State v. Quebedeaux, supra; State v. Trahan, 412 So.2d 1294 (La.1982); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983). The important elements which must be considered are the defendant's personal history, (age, family ties, marital status, health, employment record), prior criminal record or absence thereof, seriousness of the particular offense, and the likelihood of recidivism or rehabilitation. State v. Soco, supra; State v. Quebedeaux, supra; State v. Trahan, supra. Further, the sentencing judge must state for the record the considerations taken into account in imposing sentence and the factual bases therefor. La.C.Cr.P. art. 894.1(C); State v. Jones, 398 So.2d 1049 (La.1981). The judge must, in effect, justify his sentence pursuant to the guidelines of 894.1 with factual reasons. Additionally, a sentencing judge must adequately justify consecutive sentences for crimes arising from a single course of conduct. In State v. Sherer, 437 So.2d 276 (La.1983), the court stated:
Because the function of the consecutive sentence should be similar to the sentence imposed on habitual or dangerous offenders, sentences for crimes arising from a single course of conduct should be concurrent rather than consecutive, absent a showing that the offender poses an unusual risk to the safety of the public. See State v. Franks, 373 So.2d 1307 (La.1979); State v. Cox, 369 So.2d 118 (La.1979). Cf. La.C.Cr.P. art. 883. We cannot presume that the sentencing judge viewed the defendant as an unusual risk to the safety of the public because he did not so state, although that may, in fact, be the case.
In his reasons for imposing sentence, the judge below recited only the defendant's recent conduct as being very dangerous, that a sentence of anything less than "incarceration" would deprecate the seriousness of the offenses, and that the court felt there was a likelihood that the defendant would commit other offenses unless he was "incarcerated." However, the judge failed to state the basis for his conclusion that maximum consecutive sentences were justified. Further, the record fails to disclose that the sentencing judge considered the guidelines of 894.1 at all, especially with regard to any possible mitigating factors.
While we cannot conclusively say that defendant is not the "worst kind of offender" for whom maximum consecutive sentences are reserved, we cannot ascertain that fact from the record since the trial judge, in imposing the sentences, failed to adequately state for the record the considerations he took into account and the factual bases therefor. Simply stated, the record is not sufficient for us to review these sentences for excessiveness. We are unable to conclude that the sentencing judge adequately considered the guidelines *1054 mandated by 894.1. Thus, we cannot determine if defendant is the worst kind of offender deserving of maximum consecutive sentences. We, therefore, find it necessary to vacate the defendant's sentences and remand this matter for re-sentencing in accordance with 894.1 and the jurisprudence with regard to consecutive sentences. We reiterate that we express no opinion as to excessiveness because the record as it presently exists is inadequate.
For the foregoing reasons, the defendant's convictions are affirmed, his sentences are vacated and the matter remanded to the district court for resentencing in accordance with this opinion.
CONVICTIONS AFFIRMED; SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.
NOTES
[1] The maximum penalty for attempted aggravated rape is 50 years at hard labor. The maximum penalty for aggravated battery is a fine of $5000 and imprisonment at hard labor for ten years.