476 So.2d 409 (1985)
STATE of Louisiana, Appellee,
v.
Bruce E. ARGO, Appellant.
No. 17145-KA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1985.
Rehearing Denied October 24, 1985.
*410 Peatross, Greer & Hayter by L. Edwin Greer, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty. by James E. Stewart and John A. Broadwell, Asst. Dist. Attys., Shreveport, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr., and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Defendant Argo was found guilty of attempted first degree murder and sentenced to 40 years imprisonment at hard labor. He appeals his conviction, filing six assignments of error. We find these assignments to be without merit and for the reasons set forth below, we affirm.
Defendant and two friends, Durr and Edwards, went on a hunting trip in a stolen *411 truck during the last days of October 1983. During the evening of October 29, they returned to Shreveport and stole another pickup truck which was parked near Wallace Lake. According to testimony by Durr at trial, the three were chased in this truck by another car whose driver apparently recognized the truck as stolen. The three decided to leave the truck and steal yet another vehicle. They went to an apartment complex and attempted to "hotwire" a Mustang. The owner and her date suddenly appeared and as the three were leaving in the truck, defendant pointed a shotgun at the date. The three proceeded to yet another apartment complex in search of a vehicle. They parked and Durr left the truck. He took a flashlight from the rear of the truck and approached a nearby car. Defendant was lying down in the back of the truck, perhaps asleep. At this time a police officer drove by the truck. He was aware of the earlier attempted theft and the assault. The officer ordered Durr to put his hands on the truck. The officer then noticed Edwards in the cab and ordered him to come out. As he was leaving the cab, Edwards shot twice at the officer. He returned fire, approximately five times; he never saw defendant in the back of the truck. The officer took cover and called for assistance. Just as he finished the call, he saw a flash of fire from the back of the truck and he was hit in the face by a shotgun blast from defendant. Defendant, Durr and Edwards were all arrested in a nearby area. The officer is legally blind as a result of the shooting.

ASSIGNMENT OF ERROR NO. 1
Defendant argues the lower court erred in denying a motion to recuse the District Attorney's office from prosecution in this case. Defendant, his counsel and the Caddo Parish District Attorney's office made an agreement whereby the State's psychiatrist would examine defendant and furnish a report to both parties. Argo was to discuss the case fully with the doctor and the doctor was not to reveal any factual information about the offenseonly his medical conclusions. This transpired and then, when it appeared the doctor would be unable to be present at the trial, an unfamiliar, newly assigned assistant district attorney ordered another psychiatric evaluation without the prior agreement. The second doctor's report contained Argo's account of the circumstances of the offense and was sent to Argo's counsel as well as the district attorney's office. Argo's counsel moved for recusal of the Caddo Parish District Attorney's office. The judge denied the motion, but did order the report be sealed and the information contained therein not be admitted at trial.
Defendant did not make a statement before trial and he argues the state thus had an unfair advantage in violation of his Fifth Amendment right. The trial judge examined the offending report as well as the preliminary examination and determined the vast majority of the material in the report had already been presented to the court in open session during the preliminary examination. The defendant's request for recusal of the District Attorney's office is not among the mandatory recusal situations provided in La.C.Cr.P. Article 680.
Defendant failed to show what information was contained in the report which was not found in the preliminary examination or to show how that information was improperly used by the State. The preliminary examination was not included as a part of this record. It does not appear that the trial judge abused his discretion in denying the motion. We conclude that this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant argues the lower court erred in permitting the introduction of evidence of other criminal acts allegedly committed by him. Defendant specifically objected to testimony regarding theft of the pickup truck from Wallace Lake at about 7:00 p.m. on 29 October, the burglary of the Mustang, and the assault on the date of the Mustang's owner at about 1:00 a.m. in Shreveport on October 30. Defendant contends *412 these crimes do not come within the scope of the res gestae. We have previously defined res gestae as:
"... events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive, and spontaneous words and acts of the participants. To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in connection with it one continuous transaction. LSA-R.S. 15:447 and 448."

State v. Green, 448 So.2d 782, 787 (La. App. 2d Cir.1984)
In the case at hand, each crime occurred as a result of a previous crime; the three men wanted to exchange the stolen truck for a stolen car, which led them to the apartment complex and the Mustang. Being interrupted by the owner and her date led to the assault. The crimes were one continuous transaction covering the evening hours of October 29 and the early morning hours of October 30. In State v. Edwards, 406 So.2d 1331 (La.1981), the court noted that the crime charged did not "occur in a vacuum." Other criminal activity will often lead to the crime charged and without that evidence "the complete story of the crime could not be told." State v. Curry, 325 So.2d 598, 602 (La.1976). While it is true that the series of crimes in this case do cover a time span of some seven or eight hours, these crimes are so closely related and intertwined that the State could not have presented the "complete story" of the attempted murder without them. The evidence complained of clearly falls within the res gestae of the charged offense and hence this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant argues the lower court erred in denying his request for an instruction on self-defense under La.R.S. 14:20 and instead giving an instruction under La. R.S. 14:19. The Louisiana Supreme Court has provided us with a succinct statement of the difference between the two statutes:
"It is clear that the statutes contemplate two different standards for two different situations. In the instance where no homicide results, as is the case here, the use of force or violence in self-defense is justified when the amount used is reasonable and it is apparently necessary to use such force to protect oneself. [14:19] On the other hand, when a homicide results from the use of force or violence, it is justified as self-defense only if the person reasonably believed he was in imminent danger of losing his life or receiving great bodily harm and that deadly force was necessary to save his life. [14:20]." (Emphasis added) State v. Guinn, 319 So.2d 407, 409 (La.1975)
It is obvious the state legislature has provided two different standards for justifying force or violence against another and the standards hinge on whether or not there was a homicide. This was more recently confirmed in State v. Freeman, 427 So.2d 1161, 1162 (La.1983), where the Supreme Court found that:
"Different statutory standards do exist to justify the use of force or violence under La.R.S. 14:19 and 14:20 depending upon whether or not a homicide results." (Emphasis added)
Defendant was tried and convicted of attempted first degree murder. There was no homicide; the injured officer survived the shotgun blast. Accordingly, in this case 14:19 is the applicable instruction and 14:20 is wholly inappropriate.
The state legislature has seen fit to institute a policy which forecloses such defense arguments; the statutes are clear in their language. Our research reveals no instance where 14:20 was applied in a nonhomicide case; we do not apply it in this case and hence find defendant's assignment of error to be without merit.

ASSIGNMENTS OF ERROR NOS. 4 and 5
Defendant argues the lower court erred in overruling his objections (1) to the *413 testimony of two doctors regarding the officer's injuries and prognosis and (2) to the introduction into evidence of the firearms found in the stolen pickup truck immediately following the shooting. Defendant contends the evidence was irrelevant, inflammatory and prejudicial. The trial judge has wide discretion in determining what is relevant and his decision is not reversible absent a clear abuse of that discretion. State v. Huizar, 414 So.2d 741 (La.1982); State v. Pettaway, 450 So.2d 1345 (La.App. 2d Cir.1984).
In the case at hand, the medical testimony was relevant in that it corroborated the officer's testimony and tended to show defendant's intent to kill or seriously wound the officer by inflicting such grievous injuries to the officer's head. The objection is thus without merit. Likewise, the objection to introduction of the firearms is without merit. Any prejudice which might stem from the introduction did not so outweigh the probative value of the evidence as to require reversal of the conviction. Hence, this assignment of error is also without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant argues that his 40 year out of a possible 50 year sentence is excessive. While the judge stated he did take into consideration appellant's age, lack of any prior violence on his part, and other general factors dealing with appellant's family and background, defendant asserts the trial judge did not give sufficient consideration to these factors. It is well settled that the trial judge has wide discretion in imposing sentences and he is not to be reversed except where there is an abuse of this discretion. State v. Davis, 449 So.2d 452 (La.1984); State v. Nealy, 450 So.2d 634 (La.1984).
While defendant's 40 year sentence initially appears high, considering the seriousness of the offense and all of the circumstances, this sentence is not excessive. The trial judge did consider mitigating factors and sentenced defendant to less than the maximum imposable time. In State v. Pettaway, supra, the defendant shot a police officer who sustained internal injuries and a permanent injury to the nerve in his arm. The defendant was sentenced to the maximum 50 years upon conviction for attempted first degree murder. In upholding the sentence, this court considered the severity of the offense, the negation of the defendant's "opportunity to commit such crimes in the future," and that but for poor aim and quick medical attention, the charge would have been murder. In addition, a history of mental problems does not justify a "less onerous sentence" and does not justify a finding that the trial judge abused his discretion. Pettaway, supra. We follow the analysis in Pettaway and find that this final assignment of error is without merit.
DECREE
For the reasons set forth above, we affirm the judgment and sentence of the district court.
NORRIS, J., concurs.