PER CURIAM.
The defendant, Charles Carroll, was charged by bill of information with theft of three tires and spoke rims of a value of more than $100.00 but less than $500.00, in violation of LSA-R.S. 14:67. After the defendant pled guilty to the charge, the trial court sentenced the defendant to serve one year at hard labor. The defendant has appealed contending that the trial court imposed an excessive sentence. We affirm.
On June 22, 1984, the defendant enlisted the aid of Della Wright, Lloyd Wright, and Gary Wright to steal tires and rims. Della Wright dropped the three men off near a parked International Scout on Highway 573 in Saint Joseph, Louisiana. The defendant told Della to drive off and then come back in a little while to pick them up. Lloyd Wright acted as a look-out while the defendant and Gary Wright removed the three tires and rims from the vehicle. Della returned to the scene and as they were loading the tires in the defendant’s truck a Wildlife and Fisheries agent stopped and arrested all four individuals.
The defendant contends that the sentence imposed by the trial court, one year at hard labor, is excessive. The maximum possible sentence the defendant could have received under LSA-R.S. 14:67 is imprisonment at hard labor for not more than two years and/or a fine of not more than $2,000.00. While the defendant is a second felony theft offender, the defendant points out that he has led a law abiding life for approximately 14 years since his first offense and that he is a good worker.
Reasons for the sentence imposed under LSA-C.Cr.P. Art. 894.1 are adequately articulated by the trial court. The trial court found that under LSA-C.Cr.P. *451 Art. 898 anyone who is a second felony offender is not eligible for probation, and further that the defendant was a good worker, and had behaved himself until the present offense. The court pointed out that the defendant was previously convicted in West Carroll Parish on two counts of felony theft. Due to the previous offenses, the court imposed the one year sentence.
The trial court was correct in concluding that the defendant was not eligible for probation under Art. 893. The sentence imposed is not apparently severe and is well within the trial court’s wide discretion in imposing a sentence within the statutory limits. The defendant’s sentence is affirmed.
AFFIRMED.