PER CURIAM.
The defendant, Della Wright, was charged by bill of information with theft of three tires and spoke rims of a value of more than $100.00 but less than $500.00 in violation of LSA-R.S. 14:67. After the defendant pled guilty to the charge, the trial court sentenced the defendant to serve one year at hard labor. The defendant appeal *452 ed contending that the trial court imposed an excessive sentence. Due to the failure of the trial court to adequately articulate reasons for sentence under LSA-C.Cr.P. Art. 894.1, we vacate the sentence and remand.
On June 22, 1984 the defendant participated in the theft of three tires and rims from a parked International Scout on Highway 573 in St. Joseph, Louisiana. Charles Carroll, the defendant’s common law husband, told the defendant to drive Carroll along with Lloyd Wright and Gary Wright to the location where they found the vehicle. Carroll told the defendant to drive off and then come back in a little while to pick them up. The defendant returned to the scene and as the men were loading the tires into Carroll's truck, a Wildlife and Fisheries agent stopped and arrested all four individuals.
The defendant contends that the sentence imposed by the trial court, one year at hard labor, is excessive. The maximum possible sentence that the defendant could have received under LSA-R.S. 14:67 is imprisonment at hard labor for not more than two years and/or a fine of not more than $2,000.00.
The trial court’s sole articulated reason for the sentence imposed is that the court sentenced all the other defendants to the same one year at hard labor.
Article 1, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. The sentencing guidelines of LSA-C.Cr.P. Art. 894.1provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). The purpose of Art. 894.1is to adapt the sentence to the offender as well as to the offense so that the sentence imposed by the court is individualized. State v. Jackson, 360 So.2d 842 (La.1978); State v. McCutchen, 459 So.2d 162 (La.App. 2d Cir.1984). While the trial court need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1in imposing sentence, the record must reflect that the trial court complied with the mandatory requirements of Art. 894.1 by adequately considering these guildeines in particularizing the sentence to the defendant. State v. Soco, 441 So.2d 719 (La.1983); State v. Eason, 460 So.2d 1139 (La.App. 2d Cir.1984). The important elements which must be considered are the defendant’s personal history, (age, family ties, marital status, health, employment record), prior criminal record or absence thereof, seriousness of the particular offense and likelihood of recidivism or rehabilitation. State v. Soco, supra; State v. Trahan, 412 So.2d 1294 (La.1982); State v. Jackson, supra; State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir.1985).
In the present case, the trial court did not articulate any reason for sentence under Art. 894.1. The trial court’s articulation of reasons in imposing sentence as required by Art. 894.1, is an important aid to this court in reviewing an allegedly excessive sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Sepulvado, supra. Imposition of identical sentences for code-fendants without articulation of individual considerations does not comply with Art. 894.1. State v. Little, 377 So.2d 332 (La.1979). The presentence investigation report in the record reveals that defendant has no prior criminal record. Her involvement in the crime does not appear to be as extensive as that of her codefendant, Charles Carroll, who apparently instigated the offense and who had a prior felony conviction. See and compare State v. Carroll, 476 So.2d 450 (La.App. 2d Cir.1985), decided this day, in which this court affirmed Carroll’s one year sentence which was supported by articulated reasons. It is therefore necessary to vacate the sentence imposed and remand this case to the trial court for resentencing with articulation of the reasons for sentence under Art. 894.1.
DECREE
For the reasons assigned herein, the sentence imposed is vacated and this case is *453 remanded to the trial court for resentenc-ing.
REMANDED.