HALL, Chief Judge,
dissenting.
Because the offenses in the present case exhibit a common scheme or plan and the defendant is not a habitual offender or a particularly dangerous person, the imposition of consecutive sentences was not justified and was excessive. I therefore respectfully dissent from the affirmance of sentences.
LSA-C.Cr.P. Art. 883 provides that if the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Concurrent rather than consecutive sentences are the usual rule, at least for a defendant without a previous criminal record and in the absence of a showing that the public safety requires a longer sentence. State v. Ortego, 382 So.2d 921 (La.1980); State v. Cox, 369 So.2d 118 (La.1979); State v. Underwood, 353 So.2d 1013 (La.1977). One reason advanced to permit joinder and trial of two or more offenses at the same time (as in the present case) is to facilitate the imposition of concurrent rather than consecutive sentences. State v. Cox, supra. Because the function of the consecutive sentence should be similar to the sentence imposed on habitual or dangerous offenders, sentences for crimes arising from a single course of conduct should be concurrent rather than consecutive, absent a showing that the offender poses an unusual risk to the safety of the public. State v. Sherer, 437 So.2d 276 (La.1983); State v. Camps, 476 So.2d 864 (La.App.2d Cir.1985); State v. McGhee, 469 So.2d 1051 (La.App.2d Cir.1985). For an offender without a prior felony record, ordinarily concurrent rather than consecutive sentences should be imposed, especially where the convictions arise out of the same course of conduct within a relatively short period. However, consecutive sentences may be justified when, due to his past conduct or repeated criminality over an extended period, the offender poses an unusual risk to the safety of the public similar to those posed by habitual or dangerous offenders. State v. Carter, 412 So.2d 540 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980).
The imposition of consecutive rather than concurrent sentences for crimes arising out of a single course of conduct requires particular justification. State v. Franks, 373 So.2d 1307 (La.1979). A sentencing judge must adequately justify consecutive sentences for crimes arising from a single course of conduct. State v. McGhee, supra.
In State v. Cann, 471 So.2d 701 (La.1985), consecutive sentences were amended to run concurrently where “although defendant was convicted of four charges of distribution (one for marijuana and three for cocaine), each sale involved a relatively small amount of drugs, was separated from the other sales by relatively short periods of time and was made to the same undercover policeman.” In the present case the same undercover agent met the defendant on three occasions during a period of less than three weeks at J & J’s Lounge in Monroe. Relating to count one, on June 7, 1984 the agent purchased two plastic bags containing marijuana from the defendant for $20.00. Relating to count two, on June 18, 1984 the agent purchased two cigarettes dipped in phencyclidine (PCP) for $20.00. Relating to counts three and four, on June 26, 1984 the agent purchased a plastic bag containing marijuana for $10.00 and two cigarettes dipped in PCP for $20.00. In view of the fact that all of the transactions occurred during a short period of time at the same location with the same undercover agent, the offenses reflect a common scheme or plan within the provisions of LSA-C.Cr.P. Art. 883. The offenses charged in counts three and four were based on the same act or transaction.
The defendant in this case is not a habitual offender who has engaged in criminal *961 conduct over an extended period of time. His only prior offense occurred as a juvenile when he was 16 years of age involving the theft of a bicycle. The record does not indicate that the defendant is a particularly dangerous person who poses a threat to the public safety. The presentence investigation report indicates that the defendant was successful in maintaining average or above average grades in school. He has maintained sporadic employment and was living with his mother at the time the offenses were committed.
The total amount of money involved in the three drug transactions totalled only $70.00. Although commercial dealing in drugs is a very serious offense, and a substantial term of imprisonment is justified in this case, the criteria for imposing consecutive sentences are not present and the imposition of consecutive sentences was not justified.
Applying the preference for concurrent sentences under LSA-C.Cr.P. Art. 883, the maximum possible sentences which the defendant could have received were ten years at hard labor and a $15,000.00 fine on each count, the sentences to run concurrently. The defendant’s consecutive sentences of eight years at hard labor approach the maximum and may effectively equal or exceed the maximum when parole eligibility under consecutive sentences is considered.
I would hold that the trial court erred in imposing consecutive sentences which were excessive, vacate the sentences imposed, and remand for resentencing.