GARRISON, Judge.
The defendant, Vernon Malanez, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64[1] sanity commission appointed by the trial judge determined that the defendant was sane at the time of the offense. After trial by jury, the defendant was found guilty as charged. The defendant was later sentenced as a multiple offender to 198 years at hard labor without benefit of parole, *101 probation or suspension of sentence. Defendant appeals his conviction and sentence.
On September 23, 1983 at approximately 4:30 p.m., James Wilson and Derrick Walker, students at Clark High School in New Orleans, were walking home from school. After Walker boarded a bus, Wilson was continuing on his way home when the defendant approached him with a gun, grabbed his custom-made medallion, and told him to run. Wilson recognized his assailant as the man that he and Walker had seen earlier that day near the school. Wilson initially complied with the defendant’s order to run, but he stopped shortly thereafter so that he could get a better look at his assailant. The defendant was arrested several days later after being positively identified by the victim. While in police custody, the defendant voluntarily confessed to the armed robbery and apologized to the victim in the presence of several people.
The defendant contends that he won the medallion from Wilson in a card game. He also claims that he confessed to this crime only because he was beaten by the police officers. The police officers denied any mistreatment of the defendant.
A review of the record reveals that there are no errors patent.
We affirm the defendant’s conviction and will now address the merits of defendant’s appeal as to his sentence.
In his only assignment of error, the defendant argues that the trial court erred in imposing an excessive sentence. The defendant received the maximum sentence possible for a multiple offender convicted of armed robbery, i.e. 198 years. The multiple bill was based upon a prior guilty plea on a charge of possession of stolen property. The defendant had no other adult convictions.
The defense found the following remarks made by the trial judge to the defendant during the sentencing hearing to be particularly objectionable:
“You also took the witness stand in this case, and committed perjury. That’s another crime, right in the presence of this Court. You lied under oath. The Jury said you did, because they didn’t believe your sfory and found you guilty. I say you did because I know you committed perjury.” (Sentencing Tr. p. 4).
The defense argues that the trial judge based the defendant’s sentence on the above conclusion rather than on the defendant’s background. The State argues that while the trial judge voiced his opinion on the defendant’s credibility in the above-quoted remarks, he placed greater emphasis on the defendant’s extensive criminal record and his apparent need for rehabilitation in sentencing the defendant.
The Louisiana Supreme Court has stated that “the defendant’s credibility is not necessarily a relevant factor for determining the proper sentence and certainly not sufficient to justify the maximum sentence.” State v. Soco, 441 So.2d 719 (La.1983). Additionally, a review of the transcript of the sentencing hearing indicates that the trial judge did not sufficiently comply with the requirements of LSA-C.Cr.P. 894.1 in stating his reasons for this particular sentence. No mention was made by the trial judge as to the existence of any mitigating factors in this case. This omission, coupled with the judge’s improper remarks concerning the defendant’s commission of perjury at trial, mandates that the sentence in this case be vacated and that this case be remanded for resentencing. Although we also feel that the sentence in this case is excessive, we pretermit discussion of this issue in light of the above-mentioned errors of the trial judge.
For the reasons stated above, the defendant’s conviction is affirmed, his sentence is vacated and this case is remanded to the trial court for resentencing.
CONVICTION AFFIRMED SENTENCE VACATED CASE REMANDED FOR RE-SENTENCING.
CIACCIO, J., concurs.

. LSA-R.S. 14:64 states:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.