PONDER, Judge.
Larry Johnson was charged by bill of information with possession with intent to distribute pentazocine in violation of La. R.S. 40:964,[1] Schedule 11(D)(2), and 40:967 A. Defendant was convicted in a jury trial of the lesser included charge of possession of a controlled dangerous substance (pentazocine), a violation of La.R.S. 40:964, Schedule 11(D)(2), and 40:967 C. He was sentenced to serve four years at hard labor.
He has appealed, alleging that the trial court erred in:
1. Overruling defendant’s motion to suppress;
2. Denying defendant’s motion for mistrial;
3. Allowing introduction of state exhibit six;
4. Denying defendant’s motion for mistrial;
5. Overruling defense counsel’s objection to a question of the prosecutor;
6. Overruling defense counsel’s objection to the state’s closing argument;
7. Failing to follow statutory sentencing guidelines and in imposing an excessive sentence.
Assignments of error one through three were not briefed on appeal and are, therefore, considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
FACTS
A confidential informant advised an employee of the sheriffs office that a black male was standing at 36th and Cain Streets dealing in “T’s and Blues” (Talwin and pyribenzamine).
Within five minutes, the employee accompanied by a City Police officer, and two State Police officers drove to N. 36th and Cain Streets, where they saw the defendant, who walked a step or two and dropped a small plastic bag from his left hand, an act observed by all the officers. Defendant was immediately placed under arrest. The plastic bag contained eleven peach colored tablets, confirmed to be pentazocine, and ten blue tablets confirmed to be pyri-benzamine, the possession of the latter not being unlawful.
ASSIGNMENTS OF ERROR NUMBERS 5 AND 6:
Defendant contends the trial court erred in overruling defense counsel’s objection to 1) alleged improper questioning of Ms. Anita Thomas, a defense witness, regarding defendant’s arrest record and 2) alleged improper closing argument of the prosecutor which included a reference to Ms. Thomas’ testimony given in response to that questioning.
Ms. Thomas, a character witness, testified defendant was her boyfriend and the father of her child and that she had never seen him do “too much wrong” around her and that he was not known for getting into trouble.
On cross examination, defense counsel objected to the state’s use of defendant’s rap sheet in questioning the witness regarding her knowledge of defendant’s arrests. The court overruled the objection saying that the defense opened the door.
The objection to the alleged improper closing argument of the state, referring to Ms. Thomas’ testimony about defendant’s arrest record, was also overruled.
*148 ALLEGED IMPROPER CHARACTER WITNESS CROSS-EXAMINATION
In State v. Bagley, 378 So.2d 1356, 1358 (La.1979) the Court stated:
When a defendant chooses to place his character at issue by introducing evidence of his good character, the State is permitted to rebut such evidence either by calling witnesses to testify to the bad character of the defendant, or by impeaching the defense witnesses’ ability to testify to the defendant’s character. This Court has adopted the position that the cross-examination of a character witness may extend to his knowledge of particular misconduct, prior arrests, or other acts relevant to the particular moral qualities as are pertinent to the crime with which the defendant is charged, (citations omitted) The purpose of such inquiries is to expose the witnesses’ possible lack of knowledge regarding the character of the defendant, or the witnesses’ standard of evaluation.
In State v. Johnson, 389 So.2d 372 (La.1980), the holding requires the trial court to ascertain, out of the jury’s presence, whether the prosecutor has reasonable grounds for cross-examining the character witness about convictions, arrests or other misconduct of the accused. “[T]he witness should not be asked ‘if he knows’ that the accused has committed such other crimes, but only whether he ‘has heard’ that defendant has committed particular acts inconsistent with the reputation vouched for on direct.” Prejudicial error occurs if these safeguards are not enforced if the evidence is objected to and assigned as error. 389 So.2d at 377; see also State v. Rault, 445 So.2d 1203 (La.1984), cert. denied, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 154 (1984).
However, as in the Johnson case itself, defendant may not avail himself of the Johnson safeguards, if he fails to make a contemporaneous objection, La.C.Cr.P. art. 841; Johnson, supra, 389 So.2d at 377.
Since defendant opened the evidentiary door, the prosecutor could question the witness about her knowledge of defendant’s acts. The questions put to the witness regarding defendant’s arrest record focused upon the witness’ testimony as to defendant’s being known for good acts and for not making trouble in the community. See State v. Rault, supra. We note that each of the prosecutor’s questions to the character witness was phrased in the proper form.
Defendant’s assignment of error number five is therefore without merit.
ALLEGED IMPROPER STATE CLOSING ARGUMENT
Defendant argues in brief that the state’s closing argument, in which the prosecutor referred to Ms. Thomas’ defense character testimony and to her having been questioned as to defendant’s arrests, constituted a prohibited reference to inadmissible other crimes evidence. He argues that the references in closing argument served to compound the prejudice he suffered by virtue of the state’s cross-examination of Ms. Thomas, regarding his arrest record. Because of our finding of no merit to assignment of error number five, it follows that the testimony elicited from her concerning defendant’s arrests was, under the instant facts, properly admitted into evidence. Thus, the state’s references in closing argument were not references to inadmissible other crimes evidence, contrary to the provisions of La.C.Cr.P. art. 770(2).
Accordingly, assignment of error number six is without merit.
ASSIGNMENT OF ERROR NO. 4:
Defendant asserts the trial court erred by failing to grant his motion for mistrial under La.C.Cr.P. art. 771.
During the prosecutor’s cross-examination, a defense witness was asked if he was under charges of possession of Talwin with the intent to distribute. After the objection was sustained, the witness was asked if his case was to be tried shortly.
Defense counsel again objected, moved for a mistrial and requested an admonition of the jury, if the mistrial were not granted. The trial court then sustained defense *149 counsel’s objection and instructed the prosecutor that he could question the witness concerning convictions but not arrests. The trial court denied defense counsel’s motion for mistrial but granted the alternative defense motion to admonish the jury. The record reflects that defense counsel apparently acquiesced in the trial court’s ruling, having voiced no further objection following the trial court’s granting the alternative motion to admonish the jury.
The state argues in brief that defendant’s reliance on the provisions of La.R.S. 15:495[2] is misplaced; and that “[t]he state’s purpose in asking the questions was not for impeachment of the witness’ credibility, to which LSA-R.S. 15:495 addresses itself, but rather for bringing out Mr. Curtis’ bias in favor of the defendant.” The state contends that La.R.S. 15:492[3] authorizes such questioning to show the witness’ bias and that Louisiana jurisprudence permits questioning a witness concerning a particular arrest to show the witness’ bias, notwithstanding the provisions of La.R.S. 15:495.[4]
We find that the trial court’s ruling limiting the state’s cross-examination of the witness was not an abuse of discretion.
The trial judge is given discretion to determine whether a fair trial is impossible or an admonition is adequate to assure a fair trial when prejudicial conduct does not fit within the mandatory mistrial provisions of La.C.Cr.P. art. 770. State v. Belgard, 410 So.2d 720 (La.1982); State v. Welch, 448 So.2d 705 (La.App. 1st Cir.1984), writ denied, 450 So.2d 952 (La.1984). Accordingly, the trial court’s denial of defendant’s motion for mistrial was a proper exercise of the trial court’s discretion. Moreover, the record indicates that defense counsel apparently acquiesced in the admonition granted by the trial court, as an alternative requested remedy of defense counsel.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 7:
Defendant contends that his sentence is excessive and unduly harsh, because this offense is his first felony conviction and the sentence imposed is only one year less than the statutory maximum sentence.
Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Morgan, 472 So.2d 934 (La.App. 1st Cir.1985). The trial judge is given a wide discretion in the imposition of sentence within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Morgan, supra. The Code of Criminal Procedure sets forth the items which must be considered by the trial judge before passing sentence. La.C.Cr.P. art. 894.1. The trial judge need not recite the entire checklist, but the record must reflect that the judge *150 adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984); State v. Soco, 441 So.2d 719 (La.1983). The judge must, in effect, justify his sentence with factual reasons. Davis, supra; Soco, supra.
Possession of pentazocine is punishable by imprisonment with or without hard labor for not less than two years nor more than five years and a possible fine of not more than five thousand dollars. La. R.S. 40:967(C)(1). Defendant received a sentence of four years imprisonment at hard labor; and no fine was imposed.
We find the trial court adequately satisfied the statutory criteria set forth in La.C. Cr.P. art. 894.1. It noted defendant’s juvenile record included charges for aggravated battery, simple battery, carrying a concealed weapon and aggravated assault. The trial court noted defendant’s adult criminal record included arrests for aggravated battery, disturbing the peace by a fistic encounter, resisting an officer, possession of marijuana, aggravated assault, criminal trespassing and contempt of court. The trial court further noted that as an adult, defendant had entered guilty pleas to aggravated assault and entering after being forbidden.
The trial court believed defendant would not respond to a probation officer or report to the court, and, during a probationary period, he would commit another offense. The trial court noted that defendant had twice been found in contempt of court (once for failure to appear for trial and once for sentencing). The trial court said defendant has no regard for the law, is a violent person who is in need of correctional treatment and institutionalization. A lesser sentence would deprecate the seriousness of the offense.
We conclude defendant’s sentence is not unduly severe in relation to him or the offense committed. We find no abuse of sentencing discretion. This assignment lacks merit.
We therefore affirm the conviction and the sentence.
CONVICTION AND SENTENCE AFFIRMED.

. Although the bill of information charging the instant offense referred to La.R.S. 40:967 A and to the classification of pentazocine under Schedule 11(D)(2), it omitted reference to La.R.S. 40:964. "Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.” La.C.Cr.P. art. 464. The record reflects that defendant was cognizant of the charge. The omission of the reference to La. R.S. 40:964, though resulting in an incomplete citation, did not mislead defendant.

. La.R.S. 15:495 provides:
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.

. La.R.S. 15:492 provides:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.

.In State v. Sweeney, 443 So.2d 522 (La.1983), cited by the state in its brief, the Supreme Court determined that the cross-examination of a witness, who had been arrested by the same two officers who arrested and testified against defendant, as to the witness’ arrest was not within the prohibition of La.R.S. 15:495 because it was independently relevant and permitted under La. R.S. 15:492 to show particular bias in the special case before the court.