WILLIAMS, Judge.
Leander G. Roberts was convicted of forcible rape, R.S. 14:42.1, and aggravated burglary, R.S. 14:60, receiving sentences of twenty years at hard labor and fifteen years at hard labor, respectively. In his assignment of error, defendant contends that the sentences imposed were excessive. We affirm.
On May 25, 1986, as the victim was opening her apartment door, the defendant accosted her. He put his hand over her mouth, forced himself into her apartment, and threatened to kill her if she did not remain silent. The defendant then threw her on the bed and raped her. Shortly after the rape occurred, the victim’s boyfriend knocked on the door, and the defendant fled. The victim called the police and described the defendant to them.
*1239 A few months later, the victim saw the defendant at Elmwood Shopping Center. She followed him to his car, wrote down the license plate number and called the police. She subsequently identified the defendant in a photographic line-up.
When the trial judge imposed the forcible rape sentence, he omitted the condition included in R.S. 14:42.1 which requires that at least two years of the sentence for this crime be served without benefit of probation, parole, or suspension of sentence. The resultant sentence of twenty years at hard labor is unlawfully lenient, however, we are precluded from correcting this error since it enures to the benefit of defendant and this issue has not been raised on appeal.
In support of defendant’s contention that his sentences are excessive, defendant asserts that the trial judge abused his discretion and also failed to follow the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1.
A sentence within the statutory limit would be constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, reh. den., Brogdon v. Louisiana, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985). In reviewing the maximum statutory sentence, it is incumbent for a reviewing court to determine whether the trial judge adequately complied with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982). Although a judge is not required to specify each factor listed in LSA-C.Cr.P. art. 894.1, the record must reflect that he adequately considered the sentencing guidelines and that there is adequate factual basis for the sentence imposed. State v. Soco, supra.
The transcript of the sentencing hearing illustrates that the judge considered the statutory guidelines and justified the sentence with factual reasons. In imposing sentence the trial judge considered the defendant’s age (20), his occupation (construction worker), and his marital status (divorced). In addition to noting prior arrests, the judge considered the facts of the instant offense, including the predatory and violent nature of the attack on the victim. The trial judge did not find any mitigating factors. He did find, however, that defendant’s criminal conduct was a deliberate and “potentially deadly crime” that could cause “psychic trauma”. Under such circumstances, the trial judge adequately complied with the provisions contained in LSA-C.Cr.P. art. 894.1.
Given the compliance with the requirements of art. 894.1, the sentence imposed will not be set aside in the absence of an abuse of the trial judge’s wide sentencing discretion. State v. Quebedeaux, supra. A defendant found guilty of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years, at least two of which shall be served without benefit of probation, parole, or suspension of sentence. In this case, the judge sentenced the defendant to twenty years at hard labor on the forcible rape conviction.
Further, R.S. 14:60 provides that a defendant found guilty of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years. The defendant in this case received a sentence of fifteen years at hard labor on the aggravated burglary conviction. Both sentences clearly fall within the statutory guidelines, and thus do not constitute a violation of Article I, Section 20 of the Louisiana Constitution prohibiting “cruel, excessive, or unusual punishment”. State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984).
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED