BYRNES, Judge.
Defendant Thomas D. Laird was charged by bill of information on April 25, 1989, with violation of (La.R.S. 14:27, 14:30) attempted first degree murder, (R.S. 14:130.-1) obstruction of justice, (R.S. 14:69) illegal possession of stolen things, (R.S. 14:67) theft, (R.S. 14:108) resisting an officer, *794 (R.S. 14:34.2) battery of a police officer and (R.S. 40:966) possession of marijuana. Defendant pled not guilty at his arraignment. At a motion hearing, the defendant withdrew his former plea and pled guilty to attempted first degree murder, illegal possession of stolen things and resisting an officer. The State entered a nolle prosequi to the other charges. The defendant was then sentenced to forty years at hard labor for attempted first degree murder, to six months for possession of marijuana and two years for possession of stolen things. All the sentences are to run concurrently.
The defendant now appeals alleging two assignments of error. First, that the forty year sentence imposed by the court for attempted murder was unconstitutionally excessive under the Louisiana Constitution of 1974. Second, that the judge failed adequately to articulate his reasons for imposing sentence and thereby failed to comply with Article 894.1 of the criminal code. We find that the forty year sentence for attempted first degree murder was not excessive and that the trial judge’s failure to comply with Article 894.1 did not render the sentence exonerated. Accordingly, we affirm the defendant’s sentence.
The pre-sentence investigation report revealed the following facts:
On March 14, 1989, defendant Thomas Larid arrived in New Orleans and began drinking in the French Quarter. Later when he was going to his car, Laird bought some marijuana, picked up a transvestite and the two began smoking a marijuana joint as he was driving. Laird made an illegal left turn and Police Officer Stephen Pepin, suspecting that Laird might be intoxicated, pulled the car over. This car turned out to be stolen. Laird failed the field sobriety tests administered by Officer Pepin and at that point, Officer Pepin advised Laird that he was under arrest. When Pepin tried to move Laird into the patrol car, Laird swung at him, grabbed his gun, pointed the gun at him and ordered him to lie on the ground. When Officer Pepin didn’t move, Laird struck him on the head with the gun so that he fell to the ground. Laird then shot Officer Pepin in the back as he lay on the ground and afterwards kicked him. The shot caused a paralysis from the waist down, and Officer Pepin will be confined to a wheelchair for the rest of his life. After the shooting, Laird fled toward the wharf and threw the gun into the river. Officers apprehended Laird minutes later.
In the first assignment of error, defendant contends that the court’s forty year sentence was unconstitutionally excessive. Under R.S. 14:27, 14:30(A)(2), the maximum sentence for attempted murder of a police officer is fifty years. Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. The imposition of a sentence may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). Furthermore, the statutory grounds for imposing a sentence, Article 894.1, C.Cr.P., provide helpful criteria for determining whether a sentence is unconstitutionally excessive. State v. Sepulvado, 367 So.2d 762, 769 (La.1979). The trial judge is also given wide discretion in the imposition of sentences within statutory limits. State v. Lanclos, 419 So.2d 475 (La.1982). Absent a manifest abuse of that discretion the sentence imposed by a trial judge should not be set aside as excessive. Id at 478.
Give the above standards, we find that the trial judge did not abuse his discretion because the sentence was not grossly disproportionate to the severity of the crime.
The record reveals that the defendant had a history of alcohol and marijuana abuse for at least the past six years. He has worked recently as a laborer. Although his parents and siblings have suffered from his actions, they are not economically dependent upon him and would not endure excessive hardship because of his imprisonment. We also find the sentence imposed is justified even though defendant is a first offender. The offense committed by Laird is particularly heinous. The defendant, driving a stolen car while *795 intoxicated from alcohol and marijuana, responded to a police officer’s legitimate request by taking Officer Pepin’s gun, striking him in the head with the gun so hard that the man fell to the ground, and then shooting the defenseless officer in the spine, causing paralysis from the waist down. To lesson the sentence would be to deprecate the gravity of that offense.
Moreover, defendants guilty of attempted murder of police officers have been sentenced to forty or fifty years in recent cases. In State v. Pettaway, 450 So.2d 1345 (La.App. 2nd Cir.1984), writ denied, 456 So.2d 171 (La.1989), the defendant in a Seven Eleven store took a police officer’s gun and shot the officer several times. The officer suffered a permanent injury to a nerve in his arm. The defendant’s sentence to fifty years at hard labor was affirmed. In Pettaway, the court commented that a history of mental problems does not justify “a less onerous” sentence. Similarly, a defendant’s history of substance abuse does not excuse his actions or justify or lesser sentence. In State v. Argo, 476 So.2d 409 (La.App. 2nd Cir.1985), writ denied, 481 So.2d 1347 (La.1986), a defendant who shot a police officer in the face and blinded him, was sentenced to forty years. The Defendant in Argo, like the defendant in the instant case did not have a history of violent behavior. In State v. Edwards, 467 So.2d 1173 (La.App. 2nd Cir.1985), a nineteen year old defendant, intoxicated with alcohol and marijuana and involved in stealing a truck fired a shot at an investigating police officer. The shot did not hit the officer. However, defendant’s cohort shot the man in the face resulting in a loss of vision. The defendant’s sentence of forty years was affirmed. Accordingly, we do not find that Laird’s sentence for attempted first degree murder is excessive especially in light of LSA 15:574.4 which will permit him parole consideration as a first offender after he has served only one third of his sentence.
In his second assignment of error, the defendant alleges that the trial judge failed adequately to articulate his reasons for imposing sentence. La.C.Cr.P.Art. 894.1 requires that the trial court state for the record the considerations taken into account and the factual basis for the sentence. State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). The trial court need not enumerate every aggravating and mitigating factor, but the statutory guidelines, in Art. 894.1 must be received and the sentence related to the particular defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal on remand, 446 So.2d 1210 (La.1984). Important considerations include the defendant’s personal history, record, and the likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983), appeal after remand, 508 So.2d 915 (La.App. 4th Cir.1987).
In this case, the trial judge stated that he had read the letters from people involved with the defendant and with the victim as well as the report from the Department of Corrections, Probation and Parole. He declared that he had taken into account that the defendant was technically a first offender, the situation of the defendant and of the victim, and that the crime was the purposeful shooting of a police officer. The trial judge did not mention the defendant’s personal history, age, family, education or employment. Thus the trial judge failed to comply fully with the sentencing guidelines of Art. 894.1.
However, such failure to comply with Art. 894.1 does not automatically render a sentence invalid. State v. Wimberly, 414 So.2d 666 (La.1982). The Supreme Court in State v. Lanclos, 419 So.2d 475 (La.1982), held that where the record clearly shows an adequate factual basis for the sentence imposed, remand in unnecessary, even where there has not been full compliance with Art. 894.1. The Supreme Court further stated in State v. Wimberly, 414 So.2d at 672:
In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge’s failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a *796 substantial possibility that the defendant’s complaints of an excessive sentence had merit.
In this case, that substantial possibility does not exist. As discussed above in the first assignment of error, defendant’s complaint of an excessive sentence has no merit. Furthermore, the record clearly shows an adequate factual basis for the sentence imposed.
Accordingly, the trial court did not abuse its discretion in sentencing the defendant to forty years at hard labor for the officers of attempted first degree murder. We therefore affirm the sentence imposed by the trial court.
AFFIRMED.